## HEYDENFELDT vs. TOWNS ET AL.

[BILL IN EQUITY BY CREDITOR AGAINST DECEASED DEBTOR'S FRAUDULENT GRANTEE.]

1. *Decree ascertaining claim against insolvent estate prima facie evidence against intestate's fraudulent grantee.*—Conceding that a judgment against the personal representative, rendered according to the course of the common law, is not evidence against the heir or devisee, so as to charge the decedent's lands; yet, under the statutes of this State in reference to insolvent estates, the action of the orphans' or probate court, in ascertaining the amount of the decedent's indebtedness, binds the real estate equally with the personalty, and, if not conclusive, is at least *prima facie* evidence against all parties interested in the estate, and against a fraudulent grantee of the decedent.

2. *Validity of judicial proceedings had before interested judge.*—The general rule, that it is irregular and improper for a judge to try any cause in which he

has such an interest as would disqualify him as a witness, does not apply to orders purely formal in their character, and it is doubtful whether it extends to a case in which no other judge could try and determine the cause. If the judge is deprived of authority to act by statutory inhibition, the proceedings are void ; otherwise, voidable only, and therefore valid until avoided.

3. *Construction of statute requiring appointment of commissioners, when judge of county court is interested, to make settlements with executors.*—The act of 1833 (Aikin's Digest, p. 253, § 41), which requires the appointment of commissioners by a judge of the supreme or circuit court, to make settlements with executors, &c., when the judge of the county court is interested in the estate, does not apply to the auditing of claims against an insolvent estate ; and therefore, if the claims are audited by commissioners appointed by a county-court judge who is a creditor of the estate, their proceedings are voidable only, and not absolutely void.

4. *Report of insolvency, when apparent from recitals of record, and in collateral proceeding, unnecessary.*—Although the proceedings of the orphans' court in the settlement of an insolvent estate, when the record does not show a report of insolvency by the personal representative, are liable to be reversed on error; yet, in a collateral proceeding, (as where a creditor, whose claim is allowed against the estate, comes into equity against the decedent's fraudulent grantee,) the recitals of the record, showing that such a report was made, are sufficient.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Solomon Heydenfeldt, the appellant, against William Towns and the heirs-at-law of Benjamin Young, deceased, and alleged, in substance, these facts : That said Benjamin Young, at the time of his death, in July, 1841, was justly indebted to complainant in a large amount ; that letters of administration were granted on his estate, in November, 1841, by the Orphans' Court of Tallapoosa county, in which county he resided at the time of his death, to one John R. Slaughter ; that said administrator reported his estate insolvent, in February, 1842, and thereupon said court duly declared it insolvent, and appointed three commissioners, in pursuance of the statute, to audit and examine the claims of creditors ; that complainant's claim against said estate was duly presented to said commissioners, and was by them audited, examined, and allowed, to the amount of $2,704 80 ; and that at the October term, 1843, said commissioners returned their report to said court, and the same was received, confirmed, and ordered to be recorded ;—wherefore complainant claims to be a judgment creditor of said Young, and ap-

pends as an exhibit to his bill a transcript of all the said proceedings of said Orphans' Court in reference to said Young's estate.

The bill further alleges, that said Young in his lifetime was seized and possessed of certain lands in said county, worth about $6,000, on which executions against him were levied in June and July, 1841, by the coroner and United States marshal; that previously to these levies, Young had contracted to sell these lands to said William Towns, for about $6,000, and certain writings had been executed between them; that Towns, on ascertaining the existence of judgments against Young, refused to complete the said purchase, and the contract was thereupon rescinded, and all the papers relative thereto destroyed; that afterwards, and about the time said lands were levied on, Young and Towns, combining and confederating together for the purpose of defrauding the creditors of the former, entered into an agreement to the following effect: That Towns should claim said lands when they were put up at public sale under said executions, pretending that he had previously bought them from Young, and should buy them in for the use and benefit of Young, who, on his part, was to repay to said Towns whatever sum he might have to advance on them. In pursuance of this fraudulent agreement, as the bill further alleges, when said lands were offered for sale under said executions, Towns gave public notice that he had previously purchased said lands from Young, and had paid for them, and that the purchaser would buy a lawsuit; by means of which fraudulent representations, other persons were deterred from bidding, and said Towns bought in the lands at about one-third of their real value, and received the deeds of the coroner and marshal. It is averred, also, that the money paid out by him on these purchases was afterwards repaid by Young.

The prayer of the bill is, that said lands may be subjected to the satisfaction of complainant's said judgment.

The transcript of the proceedings of said Orphans' Court, which is made an exhibit to the bill, shows these facts: The order appointing an administrator, made in November, 1841, is signed by S. Heydenfeldt as judge, as also the order appointing the commissioners; and the latter order is in these

words: "Upon reading the return of John R. Slaughter, administrator of Benjamin Young, it appears from evidence adduced to the court that the estate of Benjamin Young is insolvent; it is therefore ordered and decreed, that the estate of Benjamin Young be declared insolvent; and it is further ordered, that William Haydon, John Bostock, and Salmon Washburn be appointed commissioners to audit the claims against said estate within twelve months." The commissioners made their report, allowing (among others) a claim due S. Heydenfeldt for $2,704 80, to the October term, 1843; which report was received, examined, and ordered to be recorded, by Leroy Gresham as judge of said court.

The defendant Towns answered the bill, denying all the allegations of fraud, insisting on the fairness and validity of his purchase at the coroner's sale, and requiring strict proof of all the allegations of the bill in reference to the proceedings of the said Orphans' Court in the settlement of said Young's estate; and as to these proceedings, he says, he is advised and believes that, as set forth in the exhibit to complainant's bill, "the same are insufficient to charge respondent in this suit, and have not the effect or character of a judgment at law," &c. .

An admission of record appears in the transcript, purporting to be made at the November term, 1852, "that the complainant is the same person who, as judge of the Orphans' Court of Tallapoosa, made the orders which appear in the exhibit to complainant's bill relating to the estate of said Benjamin Young, deceased, and that he was the judge of said court when he made said orders." On final hearing, on pleadings and proof, the chancellor dismissed the bill; holding, on the authority of Darrington v. Borland, 3 Port. 39, that the judicial ascertainment of complainant's claim against Young's estate was no evidence of indebtedness as against the defendant in this suit, who occupied the position of an executor *de son tort;* and his decree is now assigned for error.

JAS. E. BELSER, with whom was N. HARRIS, for appellant:

1. The bill is designed to reach real estate fraudulently conveyed; and such a bill may be filed by one creditor alone, whose superior diligence entitles him to the benefit of the re-

covery.—Watts v. Gayle & Bower, 20 Ala. 823; Dargan v. Waring, 11 *ib*. 988.

2. The dismissal of the bill, on the ground assigned by the chancellor, cannot be sustained. The judicial ascertainment of the complainant's demand, before the commissioners appointed by the Orphans' Court, is evidence against Towns, and has the force and effect of a judgment, with a return of no property; the intestate's estate being insolvent.—Watts v. Gayle & Bower, 20 Ala. 825; Pharis v. Leachman, *ib*. 662; King v. Shackelford, 13 *ib*. 435; Densler v. Edwards, 5 *ib*. 36; Darrington v. Borland, 3 Port. 35; 8 Geo. R. 354; 2 Rand. 396; Aikin's Digest, pp. 151–3, §§ 1, 4, 7. The recital in the record, of the return or report of insolvency, is sufficient to give the court jurisdiction to treat the estate as insolvent.—McCartney v. Calhoun, 11 Ala. 119.

3. Even if it was averred and proved that complainant was the judge who appointed the commissioners, the judgment would not be void by reason of that fact. The statute (Aikin's Digest, pp. 252–3, §§ 37 to 44) contemplates final settlements made by the judge himself, and not accountings made by commissioners. Besides, the report of the commissioners was approved by another judge, who was a disinterested person.—King v. Shackelford, 13 Ala. 436; Jennings v. Jenkins, 9 *ib*. 289.

4. It does not appear from the pleadings that the complainant is the same person who, as judge, appointed the commissioners.—Desha v. Stewart, 6 Ala. 852. Nor does the defendant Towns set up that defence in his answer.—Bank of Georgia v. Coster's Executors, 24 Ala. The defendant is confined to the defences distinctly set up in his answer. Bailey v. Wilson, 1 Dev. & Bat. Eq. 188. The appointment, at most, is not a void act, but only voidable; and the defendant has taken no steps to avoid it.

5. If the commissioners had been duly appointed by a judge of the Circuit or Supreme Court, and the appointment duly entered on the minutes, the commissioners would have been, *quoad hoc*, the court.—Cawthorne v. Weissinger, 6 Ala. 714. But as this was not done, the jurisdiction of the cause remained in the court, and its action is not void.—King v. Shackelford, 13 Ala. 435.

6. If the action of the commissioners is void, the appointment of the administrator is also void, as well as every thing else done whilst Heydenfeldt was judge; and if this be true, no administrator could have been appointed whilst he was judge. If this were the law, there would be a failure of justice in many cases.

WHITE & PARSONS, and LEFTWICH, *contra:*

1. The only evidence of the intestate's indebtedness to complainant is, the report of the commissioners and its confirmation by the court. But the court had no jurisdiction of the estate as an insolvent estate, since the record does not show that it was ever reported insolvent; which, as against third persons, was necessary to give validity to the decree establishing the indebtedness set up in the bill.—McCartney v. Calhoun, 11 Ala. 110; Vivian v. Lister, 8 Port. 377; Wyman v. Campbell, 6 *ib.* 219; Clark v. West, 5 Ala.

2. But, admitting that the entry on the minutes of the court is evidence that the estate was reported insolvent, still the court had no jurisdiction; the judge being largely interested in the estate as a creditor, and therefore incompetent to make any order affecting it.—State, *ex rel.* Claunch, v. Castleberry, 23 Ala. 85; Earl of Derby's case, 12 Co. 114; Between the Parishes of Great Charte and Kennington, 2 Stra. 1173; Wash. Ins. Co. v. Price, 1 Hopk. Ch. R. 1; Hawley v. Baldwin, 19 Conn. 590; Sigourney v. Sibley, 21 Pick. 101; Aik. Dig. 253.

3. A court of limited and special jurisdiction must show affirmatively that it had jurisdiction, and its want of jurisdiction cannot be aided by any waiver of exceptions, or even by express consent.—Fields v. Walker, 23 Ala. 167; Sigourney v. Sibley, *supra;* Mills v. Martin, 19 Johns. 35; Wise v. Withers, 3 Cranch, 331; Peacock v. Bell & Kendal, 1 Saund. 75, mar. p.

4. A judgment or decree against the administrator of Young is not evidence against Towns, nor against Young's heirs.—Crow v. Hudson, 21 Ala. 562; Darlington v. Borland, 3 Port. 9; St. John v. O'Connell, 7 *ib.* 476; Phil. Ev. (Cow. & Hill's Notes,) pt. 2, vol. 3, note 568; 2 Yerg. 10.

5. Towns, being a purchaser under a prior judgment, is

substituted to the rights of the judgment creditor; and one claiming under a decree made since the rendition of the judgment, as against him, must prove his debt by evidence *aliunde*. Daniel v. Sorrells, 9 Ala. 447; 2 Stew. 488.

GOLDTHWAITE, J.—The bill was dismissed by the chancellor, on the ground, that the allowance of the claim of the plaintiff against the estate of Young, by the commissioners appointed by the judge of the Orphans' Court, and its confirmation by that court, was not evidence of his being a creditor, so as to allow him to pursue the lands of the intestate in the possession of a fraudulent vendee. It may be true, that a judgment rendered according to the course of proceedings of the common law, against the executor or administrator, is not evidence against the heir or devisee, so as to charge the lands of the decedent (Mason v. Peters, 1 Munf. 437; Osgood v. Manhattan Co., 3 Cowen, 612; Neal v. McCombs, 2 Yerg. 10); though the contrary was held by Judge Marshall in Garnett v. Macon, 2 Brock. 185-213. We can see good reasons why a judgment in *personam* only, against a party who does not represent the real estate, should be entitled to no weight against another person, for the purpose of charging lands which are devised or descend to him. But there is a material distinction between a case of that character, and the ascertainment of a demand against the representative of the estate in the regular course of administration; and under the authority of our statutes, in case of insolvent estates, the court has full power to act upon the real estate, as well as the personal property, and to ascertain the amount of indebtedness of the decedent with respect to its action on both. And when this is done, if not binding and conclusive on all parties interested in the estate, it is at least *prima facie* evidence against them.—Brazeal v. Brazeal, 9 Ala. 491.

If it would have this effect against the heir or devisee, is there any reason why it should not have the same operation as against a fraudulent vendee? Does his fraud invest him with higher rights? The object of the bill is, to reach property which could not be administered by the rightful representative.—Marler v. Marler, 6 Ala. 367; Watts v. Gayle, 20 Ala. 817. The party in possession stands in the position

of an *executor de son tort;* and as such, the same rules apply to him, as if he was the rightful representative, except so far as they are affected by the fraud. ·If, however, he was one of two rightful representatives, he would be in privity with the other executor, so as to make a judgment against the latter, although in another State, evidence against him (Hill v. Tucker, 13 How. 458); and, *a fortiori,* would it be so, when rendered against the estate in the same jurisdiction.—Stacy v. Thrasher, 6 How. S. C. R. 44, 59, 60.

It is urged, however, that the proceedings in relation to the claim of the appellant were void, for the reason, that the judge had no authority to appoint commissioners to audit the claims against the estate, in the distribution of which he was interested as a creditor ; and for the additional reason, that the record of the Orphans' Court, which was before the chancellor in evidence, did not show the report of insolvency by the administrator.

In relation to the first objection. The general rule unquestionably is, that it is improper and irregular for a judge to try any cause, in which, under the law, he had an interest which would disqualify him as a witness.—Dimes v. The Grand Junction Canal Company, 16 Eng. L. & Eq. R. 63. But the rule, as it is founded upon the same principles which apply to witnesses, does not relate to orders purely formal in their character, (Underhill v. Dennis, 9 Paige, 202) ; and it is doubtful whether it would extend to a case where no other judge could try and determine the cause.—Paddock v. Wells, 2 Barb. Ch. 331. If the judge is by statutory inhibition deprived of authority to act, then the proceedings are void (Claunch v. Castleberry, 23 Ala. 85) ; but when there is no prohibition by law, the proceedings are voidable only, and are valid until avoided.—Dimes v. The Grand Junction Canal Co., *supra.* Were it otherwise, the greatest inconvenience and difficulty would ensue, since, in most cases, the parties acting under the proceedings would be ignorant of the want of authority until the act was done. The case we have last referred to, is a clear and direct recognition of the rule, with the limitation we have expressed, and is entitled to the highest consideration ; being the judgment of the House of Lords, consisting of the Lord Chancellor, Brougham, and Campbell,

assisted by the judges, after full discussion by eminent counsel, the case itself being one of great interest and importance. If we concede, therefore, what we consider somewhat doubtful, that the fact that the judge of the Orphans' Court was a creditor of the estate, would be such an interest as might disqualify him from the appointment of commissioners to audit the claims; still the order was not void, unless there was some statute, which deprived him of the power to act in the premises. We have been referred to the act of 1833 (Aik. Dig. 253, § 41), as we suppose, with this view; but we do not think it has anything to do with an order like the one we are considering. It does not apply to the auditing of accounts before commissioners, but only to settlements which the administrator is required to make with the judge.

As to the objection grounded on the want of the report of insolvency: We do not think it is tenable. It is true that we held, on error, in Clarke v. West, 5 Ala. 117, that the peculiar jurisdiction of the judge in relation to insolvent estates, depended upon the report of insolvency by the personal representative; and that if the record failed to disclose the report itself, the proceedings were irregular, and subject to reversal on error. But the opinion contains a very clear intimation that they would not necessarily be void, if it appeared, as it did in that case, from the recitals in the record, that such a report had been made. This is the case here, as the decree of insolvency rendered by the judge of the Orphans' Court, upon a fair construction of its terms, appears to be based upon a return of the administrator to that effect; and although the recital of this fact might not be sufficient to sustain the action of the court in this respect in a direct proceeding to reverse it, yet it is enough against any attempt to impeach it collaterally, where every presumption in its favor must be made.—McCartney v. Calhoun, 11 Ala. 110–119.

In relation to the merits of the case upon the main question, we say nothing, as they were not considered by the chancellor. We simply determine that he erred in dismissing the bill on the grounds we have noticed, leaving all other questions open for his determination.

The decree of the chancellor must be reversed, and the cause remanded, the appellees paying the costs of this court.