# Pickett, adm'r, v. Hobdy, adm'r.

*Action on Promissory Note, by Payee's Administrator against Maker's Administrator.*

1. *Limitation of action; suspension of statute in case of death.*—Under the present statute of limitations (Rev. Code, § 2918; Code of 1876, § 3244), without regard to the accrual of the cause of action, or the time of granting administration, the running of the statute cannot be suspended for a longer period than six months from the death of a testator or intestate.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. McCALEB WILEY.

This case was decided at the June term, 1874, but has never been reported. None of the papers have come to the hands of the present reporter, except an official copy of the opinion, which is here published by the order of the court.

PARKS & HUBBARD, for appellant.

J. N. WILLIAMS, *contra.*

[Pickett, adm'r, v. Hobdy, adm'r.]

BRICKELL, J.—The action was commenced on the 28th March, 1872, and was founded on a promissory note made by the defendant's intestate in his life-time, falling due January 1st, 1861. The plea was the statute of limitations of six years. On the trial, the evidence was, that the plaintiff's intestate died in March, 1863; that administration on his estate was committed to the plaintiff, by the Court of Probate of Pike county, in May, 1863; and that on 8th May, 1871, the plaintiff not having resigned, nor been removed from the administration granted him in 1863, he obtained new letters of administration from the Court of Probate. The court charged the jury, if these facts were believed, the plaintiff could not recover; and this charge, to which an exception was reserved, is here assigned as error.

Prior to the Code, there were several decisions of this court, declaring that the statute of limitations did not run, until there was some one entitled to sue, and some one liable to be sued.—*Johnson v. Wrenn*, 3 Stew. 172; *Bohannon v. Chapman*, 17 Ala. 696; *Hopper v. Steele*, 18 Ala. 828; *Lawson v. Lay*, 24 Ala. 184; *Wyatt v. Rambo*, 29 Ala. 510. When a cause of action had not accrued at the death of a person in whom, when it did accrue, it would reside, under this construction, the statute of limitations did not commence running until the appointment and qualification of a personal representative capable of suing. The practical operation of this principle was, to induce much speculative litigation, which the lapse of time should have silenced, and, in the particular case, to let in all the mischief the statute of limitations was intended to avoid.

Pursuing a construction given the English statute at an early day, this court held, that if a cause of action, which had accrued, was not barred at the death of the testator or intestate, twelve months from his death should be allowed his personal representative to commence suit, although, otherwise, the bar of the statute would attach.—*Griel v. Jones*, 1 Stew. 254; *McNeill v. McNeill*, 35 Ala. 90. To render the statute practically, as well as theoretically, a statute of repose, the Code provides that the time between the death of a person and the grant of letters testamentary, or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators.—R. C. § 2918. Whether the cause of action had or had not accrued in the life of the decedent, and whether the statute had or had not commenced running, and without regard to when the administration is granted, for no longer period than six months can the operation of the statute be delayed. If administra-

tion is granted during that period, the bar of the statute attaches from the grant. It is not, therefore, material to inquire, when the plaintiff's right of suit attached—whether on the grant of administration in 1863, or on the grant in 1871 : whether on the one or the other, the statute had perfected a bar when the suit was commenced ; and the court, on the undisputed facts, properly charged the jury the defendant was entitled to a verdict.

The judgment is affirmed.