# Lewis *v.* Ford.

*Bill in Equity to Charge Debts of Testator on Property De-*
*vised to his Wife.*

1. *Charge of debts on devised property; certain words create.*—A clause in a will in these words : " I desire all my just debts and funeral expenses to be paid as soon after my decease as practicable," would, according to the doctrines of English equity jurisprudence, create a charge by implication, on property devised by the will.

2. *Same ; doctrine not recognized in Alabama.*—But this doctrine being opposed to the spirit and policy of our statutes, which expressly charge the whole property of every decedent with the payment of his debts, and vest the Probate Court with plenary power for subjecting such property to their speedy satisfaction, is not of force in this State.

3. *Same ; how charged to prevent bar of statute of limitations from attaching.* There must be words in the will creating a specific charge or an express trust, to take a debt out of the operation of the statute of limitations, and no charge raised by implication will do so.

4. *Statute of limitations ; suspended on death of debtor.*—On the death of the debtor the operation of the statute of limitations cannot be stayed or suspended longer than six months (Code, § 3244), without regard to the time when administration is granted on the estate.

5. *Estoppel not created against widow by payment on debt of intestate by her.* Where a testator devised his lands to his widow, and she, without taking out letters testamentary or of administration on his estate, recognized a debt as valid and subsisting against his estate, and made partial payments on it ; *held,* that this did not estop her or her personal representative from pleading the statute of limitations in bar of an action by the creditor.

APPEAL from Mobile Chancery Court.

Heard before the Hon. H. AUSTILL.

Reuben Whatley, being indebted to Edward A. Lewis in the sum of $606, executed his promissory note for that amount on the 12th of August, 1865. The note was payable to Lewis, and became due twelve months after date. On the 17th of October, 1865, Reuben Whatley died, leaving his wife Sarah, and one child, Reuben, surviving him, and by his last will, which was duly probated, he gave all his property to his wife, who took possession of it and held it as her own until her death in 1876. After the death of R. Whatley, his wife married the appellee, Ford. Mrs. Whatley did not take out letters testamentary under the will, but she paid off all the debts on the estate except the one due Lewis, and on this she made several partial payments, viz : one of a hundred dollars on the 18th of March, 1860 ; one of a hundred and fifty dollars on the 11th of January, 1871 ; one of three hundred dollars on the 13th of March, 1873. She also sold

a considerable portion of the property of the estate, both real and personal. After Mrs. Ford's (Whatley's) death, her husband, Richard Ford, administered on her estate and took charge and possession of all the property left by her first husband, Whatley, as part of her estate. The will of Reuben Whatley contained these words : "I desire all my just debts and funeral expenses to be paid as soon after my decease as practicable." Appellant, Lewis, filed this bill on the 25th of April, 1877, averring these facts, and insisting that, by the words quoted above, the testator had charged his property with the debt due him, and prayed that the real estate should be subjected to its payment. The defendant set up the statute of limitations of six years, as a bar to complainant's right to recover, and the Chancellor held that the claim was barred by the statute of limitations of six years, and dismissed the bill. His decree is assigned as error.

E. S. DARGAN, J. T. TAYLOR, and WATTS & SONS, for appellant.—The testator charged his property with the payment of his debts. The words of the will, " after payment of my debts," are equivalent in meaning to saying that " I give and bequeath my property subject to the payment of my debts." Mrs. Whatley having received the property in this way became the payor of the debt, and became personally liable to the creditors.—*Branch, Sons & Co. v. M. & W. R. R. Co.* 59 Ala. 139 ; 2 Paige, 15 ; 6 *Ib.* 387 ; *Harris v. Fly,* 7 *Ib.* 421 ; 11 *Ib.* 334 ; 3 Gratt. 148.

But the property of a decedent is held by his administrator or legatee, or devisee, in trust, for the payment of debts. *Dunlap v. Newman,* 47 Ala. 429 ; 1 Story's Eq. J. 546, 828 ; 2 *Ib.* 1250, 1251 ; and a simple contract creditor may come into equity to subject the property to the payment of his debt without having to resort to a court of law in the first instance.—*Ex parte Walker,* 25 Ala. Mrs. Whatley having elected to take the property under the will, and being the sole legatee and devisee, the only person whose rights could be affected, her acts in paying part of the debt due to appellant should bind the administrator of her estate, who can stand on no higher ground than she occupied.

She recognized the trust and the administrator can not now repudiate it for her. This case is wholly unlike the cases of *Carrington and Manning,* 13 Ala. ; and *Steele v. Humes,* and *Scott v. Ware,* 65 Ala. In each of these cases there was a personal representative, and there was no obstacle to a suit at law; here, however, the sole person whose rights were to be affected did not qualify as the personal representative, although recognizing the trust under which she took the

[Lewis v. Ford.]

property. The decree of the Chancellor was erroneous, for the statute of limitations could not run against a creditor and in favor of one holding property under such circumstances.

McKINSTRY & SON, for appellee.—(No brief on file.)

SOMERVILLE, J.—This is a bill filed by the appellant, Lewis, for the purpose of charging a debt of the testator, Reuben Whatley, upon certain property, real and personal, which had been devised by will to his wife, Sarah Whatley. The latter subsequently married the appellee, Ford, who, after her death, became her executor.

The Chancellor held that the claim of appellant, which was an unsealed promissory note, was barred by the statute of limitations of six years; and this is conceded to be the main question raised by assignment of error, for the consideration of the appellate court.

The charge is sought to be fastened on the property through the first item of the will, which reads as follows:

"*I desire all my just debts*, and funeral expenses, *to be paid* as soon after my decease as practicable.*"

It may be conceded, that this clause of the testator's will, according to the prevailing doctrine of English equity jurisprudence, would create a charge by implication on the property, which went into the hands of the devisee, under the provisions of the will.—2 Story's Eq. Jur. § 1246.

But this doctrine is not recognized as being of force in this State, having been held to be opposed to the spirit and policy of our statutes, which expressly charge the whole property of every decedent with the payment of his debts, and vest the Probate Court with plenary power for subjecting such property to their speedy satisfaction.—*Carrington & Co. v. Manning's Heirs*, 13 Ala. 611, (Opinion of CHILTON, J.); *Steele v. Humes*, 64 Ala.

There is, therefore, no such lien or charge created by the will as to arrest the running of the statute of limitations. No charge raised by implication, would have operated to do so, even under the English doctrine. To take the debt in question out of the operation of the statute, it would require in the will words creating a *specific charge*, or an *express trust*. 2 Story's Eq. Jur. § 1521; *Carrington & Co. v. Manning's Heirs, supra.*

It is, also, argued in this case, by appellant's counsel, that the statute of limitations was suspended, by reason of the fact that no letters testamentary, or of administration, were issued on the estate of Reuben Whatley, and there was no one in existence who could be sued on the debt.

(10)

[Lewis v. Ford.]

The construction put by this court on section 3244 of the Code (1876), is a full answer to this suggestion. In *Pickett, Adm'r, v. Hobdy, Adm'r,* 63 Ala. 609, it is held that, without regard to the time when administration is granted, the operation or running of the statute cannot be stayed longer than the period of *six months*. And this construction seems to us to be in perfect harmony with the wise policy for which this statute of repose was originally enacted. The breeding of law suits, springing from stale demands, is injurious to the good order of society and the best interests of every commonwealth.

It is further insisted, that, in as much as Mrs. Whatley took out no letters testamentary, and recognized this debt as valid and just, and made payments on it, while continuing in possession of the devised property under the will, she ought to be *estopped* from setting up the statute of limitations as a defense in this case. There are no sufficient elements of estoppel in such a state of facts. No *fact* has been admitted or denied, by word or act, which in conscience precludes an assertion to the contrary.

In this State, as in many others, the Code provides, that "no act, promise, nor acknowledgment," is sufficient to remove the bar to a suit created by the statute of limitations, *except* "a *partial payment* made upon the contract, by the party sought to be charged, before the bar is complete, or an *unconditional promise in writing*, signed by the party to be charged thereby."—Code (1876), § 3240.

Where such is the case, we consider it settled, both by weight of respectable authority and of sound reason, that no mere verbal promise, express or implied, to waive, or not to plead the statute of limitations can be valid. This would be to suspend the statute by another act or promise than that specified by the law-making power, which would be against the policy of the statute itself, and not, for this reason, permissible.—*Shapely v. Abbott,* 42 N. Y. 443, (1 Amer. Rep. 548).

Besides, an *estoppel in pais* must relate to some matter of *fact* which has been previously admitted or denied by the party claimed to be estopped, which he is precluded from averring to the contrary, on the ground that his conduct has deceived or misled to another's injury.—1 Brick. Dig. p. 796, § 10 (cases cited.)

Here, there is no ignorance of fact alleged, no deception practiced, no misstatement made, nor even improper silence averred, which has induced appellant to alter his previous position, to his injury. He was charged with a knowledge

[Maybury et al. v. Grady et al.]

of the law, and must have known that his claim was barred by lapse of time.

We do not hold that a party may not be *estopped* from pleading the statute of limitations, where there is a concealment, or misrepresentation, of a *fact* of which the party injured was ignorant, and by which conduct he was misled to his prejudice. All statutes are to be construed, as far as possible, to discourage fraud, and to brand with disapprobation all covinous transactions, or unconscionable dealings.

The decree of the Chancellor is affirmed.