# Warren *v.* Hearne.

*Application by Administrator for Sale of Lands to pay Debts.*

1. *Defenses by heir.*—When an administrator asks an order to sell lands for the payment of debts (Code, §§ 2447-56), the heir at law, as the party in adverse interest, may plead the statute of limitations, or set up any other defense which would be available to the decedent himself, if the suit were against him while living.

2. *Statute of limitations; contract of infant as estoppel against.*—A contract between an infant heir at law and a creditor of the decedent's estate, by which the former conveys by deed a tract of land in payment of the debt, taking the creditor's receipt, and specifying therein that the contract is subject to ratification by the infant on attaining his majority, being disaffirmed by him after attaining his majority, does not estop him from setting up the statute of limitations in defense of an application by the creditor, as administrator of the estate, for an order to sell the lands for the payment of the debt.

APPEAL from the Probate Court of Montgomery.

Heard before the Hon. F. C. RANDOLPH.

In the matter of the estate of Patrick Carolan, deceased, on the application of James R. Warren, as administrator, for an order to sell the lands for the payment of debts. The decedent died on or about the 27th January, 1880, and letters of administration on his estate were granted by said Probate Court, on the 7th January, 1885, to said J. R. Warren, who was a creditor. The application for an order to sell the lands was filed on the 2d February, 1887, and was contested by Mrs. Mary Ann Hearne (formerly Carolan), who was the daughter and only heir at law of the decedent, and who pleaded, in defense, the statutes of limitation of three and six years, and the statute of non-claim. On the evidence adduced, the court sustained the pleas, and dismissed the petition; and this decree, to which the administrator duly excepted, is now assigned as error. The opinion states the facts which were relied on to avoid the bar of the statute of limitations.

WILLIAMSON & HOLTZCLAW, for appellant.—The contract of an infant is not void, but voidable only, and valid until avoided.—*Manning v. Johnson,* 26 Ala. 446. Here, the contract was not avoided, until the bringing of the ejectment suit in November, 1884, which was less than six years before the commencement of this proceeding. Until the con-

tract was thus disaffirmed, it was binding on Warren; as to him the debt was paid, and he could not treat it as a subsisting debt by filing it as a claim against the estate of the deceased debtor.—*Holmes v. Blagg*, 8 Taunt. 35; Stra. 937; 1 Mod. 27; 2 M. & S. 205; *Brown v. Caldwell*, 10 Serg. & R. 114; *Oliver v. Hondlet*, 113 Mass. 237; *Warwick v. Cooper*, 5 Sneed, Tenn. 659; 3 Brevard, S. C. 438; 3 Green, N. J. 343. Whenever a right of action is suspended by force of law, the statute of limitations is also suspended.—*Hutchison v. Tolls*, 2 Porter, 44; *Posey v. Bank*, 12 Ala. 802; *Donnell v. Whitaker*, 2 Sm. & Mar. 452; *Coleman v. Holmes*, 44 Ala. 124; *Adger v. Alston*, 15 Wall. 555; 6 Wall. 532. When an infant, on arriving at his majority, disaffirms a contract previously made by him, he is required to place the opposite party *in statu quo*.—*Thomason v. Boyd*, 13 Ala. 419; Reeves Dom. Rel. 244, 249; *Manning v. Johnson*, 26 Ala. 446.

J. M. FALKNER, and JNO. GINDRAT WINTER, *contra*, cited *Montgomery v. Gordon*, 51 Ala. 377; *Maybury v. Grady*, 67 Ala. 147; *Lee's Adm'r v. Downey*, 68 Ala. 98.

CLOPTON, J.—Appellant, as administrator of the estate of Patrick Carolan, made application to the Probate Court to sell the real estate of his intestate for the payment of debts. To such proceeding the heir at law is the adversary party, with right to plead and make defense; and whatever would operate to defeat and bar the debt, as a legal, subsisting demand, enforcible against the intestate if living and sued, will defeat and bar it when the personal representative seeks to charge the descended lands.—*Trimble v. Faris*, 78 Ala. 260; *Steele v. Steele*, 64 Ala. 438. The only debt sought to be charged is an account for goods bought by the deceased from J. R. Warren & Co., of which firm the administrator is a member. The heir at law pleaded, that the debt is barred by the statute of limitations. The claim is an open, running account, commencing August, 1875, and continuing to 1880, on which partial payments had been made at various times, the last item being a payment under date February 6, 1880. About this time Carolan died, and there had never been any final settlement or accounting.

Not controverting that the statute completes a bar in favor of the heir, if nothing has occurred to suspend or prevent its operation, appellant seeks to avoid the bar by the following transaction: On October 19, 1880, the heir, being then a minor, executed to appellant, in consideration

of six hundred dollars, a conveyance to a part of the real estate which had descended to her, and at the same time appellant gave her a receipt for six hundred dollars, in full payment of all demands due Warren & Burch and J. R. Warren & Co., subject to her ratification of the conveyance after she became of age. She became of age in January, 1884, and in November thereafter brought an action of ejectment, in which she recovered possession of the lands. Appellant insists, that the statute did not commence to run until the disaffirmance of the deed. The argument is, that Warren & Co. were estopped by the contract from suing or prosecuting the claim, and, being estopped, the heir is also estopped from setting up any defense inconsistent with the contract until it was disaffirmed.

By section 3240 of the Code, no act, promise, or acknowledgment, is sufficient to remove the bar created by the statute of limitations, or is evidence of a new or continuing contract, "except a partial payment made upon the contract, by the party sought to be charged, before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby." All acts, promises, and acknowledgments, other than therein expressed, the statutes declares insufficient; and it is not our province to extend it, by construction, beyond the clearly expressed terms. Neither a partial payment, nor a promise in writing, operates by estoppel; but constitutes the statutory evidence of acknowledgment of the debt, or of a new or continuing contract, which withdraws it from the operation of the statute, by excluding from the computation the time which has run prior to making the payment or the promise. The partial payment must be made, and the written promise signed, by the party to be charged. An heir is not estopped to plead the statute of limitations, when it is attempted to charge the land, by having made payments on the debt of his ancestor, though he may be in possession of the descended property. Such voluntary payment is not an admission or representation of any fact, the contrary of which the heir should in conscience be precluded to assert, because having misled the creditor to his prejudice.—*Lewis v. Ford*, 67 Ala. 143; *Starke v. Wilson*, 65 Ala. 576.

There may be cases of fraudulent concealment, or misrepresentation, on the faith of which a creditor, in ignorance of his rights, has acted or forborne to act, where a party will be estopped to set up the defense of the statute of limitations. But such is not this case; there was no concealment or misrepresentation. It was known to the creditor that the heir was a minor, and could avoid at her elec-

tion the conveyance or contract. With knowledge of the facts and of his rights, he received the conveyance, and agreed that the land should be in full payment of the debt on her ratification, express or implied, after she became of age. Though the creditor may have incapacitated himself to prosecute his claim by reason of a contract which he is incapable of disaffirming, the running of the statute in favor of the infant is not suspended. An infant, during minority, will not be estopped by his deed, and, in the absence of fraud, is incapable of being affected by an estoppel *in pais*. *Montgomery v. Gordon*, 51 Ala. 377.

The contract contains no term or stipulation, express or implied, to waive the statute of limitations, or to suspend its operation until the heir became of age ; and she did nothing, by which the creditor was, in a legal sense, misled to his prejudice. Mrs. Hearne, the heir, did not promise to ratify, but made the conveyance subject to her right to ratify or disaffirm, when she became capable of making an election ; and if she had promised to ratify, being a minor, she could have avoided it as any other contract. It is the misfortune of the creditor, that, with knowledge of her rights, he delayed the prosecution of his claim, resting in the belief that she would ratify the conveyance. The hardship of the case, the unjustness of setting up the defense under the circumstances—the equitable considerations—we can not consider. They will not avail to deny the protection of the statute. There is no "well established doctrine, by which a party in a court of law can be prohibited, on the score of equitable estoppel, from defending himself under a public statute, designed to be of universal operation in the matter of legal remedies."—*Bank of Hartford v. Waterman*, 26 Conn. 324.

It is unnecessary to consider the defense of non-claim. Affirmed.