[Chandler v. Wynne ]

# Chandler *v.* Wynne.

85   301
108   109
85   301
134   651
85   301
136   371

*Petition for Sale of Lands, by Administrator of Insolvent Estate.*

1. *Claim against insolvent estate, filed, verified, and not objected to; conclusiveness of; defense by heirs or devisees.*—A claim against an insolvent estate, which has been duly filed, verified, and not objected to within the time allowed for filing objections (Code, 1886, §§ 2238, 2244-5), becomes a *quasi*-judgment as against the other creditors, the administrator, and the personal assets of the estate; but, when the administrator (or his successor) attempts to subject to sale, in satisfaction of such claims, lands descended or devised, the heirs or devisees may, or at least might before the passage of the law authorizing them to file objections to the allowance of claims (Sess. Acts 1878-9, p. 69), interpose the statute of limitations, or any other defense which would have been available to the deceased debtor himself, if living and sued.

2. *Same; demands between partners.*—All claims against an insolvent estate, whether legal or equitable, absolute or contingent, are required to be filed in the Probate Court within the time prescribed; but the claims which, having been filed, verified, and not objected to, are to be "allowed against the estate without further proof" (Code, 1886, § 2244), are only those of such character that, if objected to, an issue as to their correctness might be tried and determined in that court; and this can not be done in the case of a claim filed by the surviving partner of the decedent, involving partnership matters between them which have never been settled.

APPEAL from the Probate Court of Montgomery.

Heard before the Hon. F. C. RANDOLPH.

IN the matter of the insolvent estate of Bartholomew Boyle, deceased, on the petition of W. L. Chandler, as administrator *de bonis non,* for an order to sell certain lands for the payment of debts, which petition was contested by the children and heirs at law of said decedent. Said Boyle died in June, 1875, and his estate was regularly declared insolvent by the Probate Court of Montgomery, on the 9th October, 1877, on the petition of Needham Lee, the administrator. Only two claims were filed against the estate, so far as the record shows; one by R. H. Kelly, and the other by John T. Milner. These claims were duly verified by affidavit, and no objection was filed to their allowance; nor was any action had in reference to the estate until the 16th October, 1887, when the administrator made a final settlement of his accounts, and was discharged, the account as stated showing a small balance in his favor. Letters of administration

[Chandler v. Wynne.)

*de bonis non* were granted to W. L. Chandler, the petitioner in this case, in December, 1887; and he filed his petition, asking a sale of lands for the payment of debts, on the 20th January, 1888. The lands sought to be sold, situated in Jefferson county, and containing about 1020 acres, were conveyed by said Boyle, by deed of gift dated November 9th, 1869, to his wife, during life or widowhood; the *habendum* clause of the deed being in these words: *"To have and to hold* the said real estate, with its appurtenances and improvements, and the personal property, to my said wife, Helen N. Boyle, to her sole and separate use and behoof, for and during the term of her natural life, or, should she survive me, for and during her widowhood; the same to go, after her decease before mine, back to me. If my said wife should survive me, and marry, then, after such marriage, said estate to revert back, and become a part of my estate, to go according to the law of the land, under my will or otherwise." Mrs. Boyle married again in January, 1887; whereby, as was insisted on the part of the administrator, the land reverted to said Boyle's estate, and was subject to sale in satisfaction of its debts.

The defendants filed an answer to the petition, incorporating therein a demurrer (which the court overruled), and several pleas, which denied the validity of the claims asserted against the estate, and the jurisdiction of the court to adjudicate them; set up the statute of limitations of three and six years, and insisted that the claims were discontinued, because they had never been allowed, nor prosecuted to a hearing. The court overruled demurrers to the several pleas, holding that they presented valid defenses; and on final hearing, on the evidence adduced, decreed as follows: "It appearing from the evidence that the claims of Jno. T. Milner and R. H. Kelly are partnership transactions, and that said partnerships have never been settled, it is considered that this court has no jurisdiction to adjudicate or settle a partnership, and therefore said claims are not lawful and subsisting claims against the estate of said B. Boyle, deceased; and there being no other debts set forth in said petition, the petition is denied and dismissed, at the cost of the petitioner."

The decree of the court, and its rulings on the sufficiency of the pleas, are now assigned as error.

BRICKELL, SEMPLE & GUNTER, and W. H. GRAVES, for the appellant.—The appellant relies on the express words of the

statutes regulating the settlement of insolvent estates, the
uniform construction of those statutes by this court, and the
public policy on which they are founded.    The statutes are
expressed in very general words, of plain and unambiguous
meaning.    "Every person, having any claim against the es-
tate declared insolvent, must file the same in the office of the
judge of probate, within nine months after such declaration,
or after the same accrues,   .   .   .    or it is barred forever."
Code, 1886, § 2238 (2568).    "If no opposition is made, in
the manner hereinafter provided, within twelve months after
the time when the estate was declared insolvent, such claim
must be allowed against the estate, without further proof."
*Ib.* § 2244.   The next section (2245) provides for the filing
of objections to any claim, by the administrator, any creditor,
or (now) by an heir or distributee; and for the trial of a
contest, when any objection has been duly filed.    These pro-
visions include all creditors, and all claims, without regard
to their character—whether legal or equitable, absolute or
contingent; the effect of a failure to file a claim is in each
case the same—it is forever barred; and having been duly
filed, and not objected to, the effect is still the same—it must
be allowed against the estate, without further proof.    The
claims of Kelly and Milner, in this case, were duly filed, and
verified; no objection was filed to their allowance, within the
time allowed by the statute; and they are *quasi*-judgments,—
valid, subsisting claims against the estate, which must be
allowed without further proof.—*Thomas v. Herbert*, 61 Ala.
343; *Thornton v. Moore*, 61 Ala. 350; *Moore v. Winston*,
66 Ala. 303; *Randle v. Carter*, 62 Ala. 104; *Heydenfeldt v.
Towns*, 27 Ala. 429; *Clark v. Knox*, 70 Ala. 607; *Eubank v.
Clark*, 78 Ala. 82; *Murdock v. Rousseau*, 32 Ala. 611; *Pur-
year v. Puryear*, 34 Ala. 555; *McNeill v. Mason*, 20 Ala.
772; *Hardy v. Meachem*, 33 Ala. 457; *Hogan v. Calvert*,
21 Ala. 198.

These statutory provisions, and their necessary effect in
this case, can not be successfully assailed on constitutional
grounds.    When an estate has been regularly declared insol-
vent, the statutes provide for its settlement as an entirety,
and give opportunity for every person interested to intervene;
and a speedy settlement is provided for, on grounds of public
policy.    Not only the personal property, but the real estate
also, is subject to sale for the payment of debts; and the
duty and authority of the administrator, as to each, is the
same.    He must take proper steps to subject all the property

[Chandler v. Wynne.]

to the payment of debts, and the sureties on his bond are responsible for his default, without regard to the character of the property, whether real or personal. The proceeding is *in rem*, and conclusive on all the world. The heir takes the land by descent under the law, and the law charges it with the debts of the decedent. If he claims the benefits, he must assume the burdens and conditions.—12 Ala. 414; 2 Peters, 658. If these claims had not been duly filed, they would have been forever barred, and the bar would enure to the benefit of the heirs; and if, having been duly filed, they had been objected to, and successfully controverted, the heirs could claim the decision as conclusive. On principle, it seems, the heirs are equally concluded by the failure to file objections. Even before the passage of the statute giving heirs and distributees, legatees and devisees, the right to file objections to claims in their own names, they might file objections in the name of the administrator, or require him to file them.—1 Chitty's Pl. 8; *Insurance Co. v. Smith*, 11 Penn. St. 12; *Scott v. Hancock*, 16 Mass. 166; *Annesley v. Simeon*, 4 Madd. 390; Hill on Trustees, 317. As to the conclusiveness of proceedings *in rem*, and the power of the legislature to make judgments binding on persons who had no notice, see *Lyon v. Hamner*, at the present term, 84 Ala. 197; also, *Dickey v. Vann*, 81 Ala. 425; *McConico v. Cannon*, 25 Ala. 462; *Clemens v. Patterson*, 38 Ala. 721. Possibly, the administrator, on filing objections to these claims, might have invoked the aid of a court of equity to adjudicate them; but the creditors could not, at least when no objections were filed. As to them, the jurisdiction of the Probate Court was exclusive.—*Emanuel v. Bird*, 19 Ala. 596; *Smith v. Mallory*, 24 Ala. 668; *Coffin v. McCullough*, 30 Ala. 107; 3 Pom. Equity, §§ 1153–4.

WATTS & SON, GARRETT & UNDERWOOD, SENN & BETHEA, and DICKEY & GILLESPIE, *contra*.—When an administrator makes application for an order to sell lands for the payment of debts, the heirs or devisees may interpose any objections or defenses which the decedent himself, if living, or his personal representative, could have interposed to a suit by the creditor himself; and may also set up defenses which the administrator may have estopped himself from asserting. The power of the administrator to ask such an order depends on the existence of debts, to which the lands may be subjected under the order of sale. When no necessity for an order of

[Chandler v. Wynne.).

sale is shown—that is, when there are no debts chargeable on the lands—the personal representative will not be allowed to disturb the possession of the heir or devisee.—*Steele v. Steele*, 64 Ala. 455; *Scott v. Ware*, 64 Ala. 174; *Randle v. Carter*, 62 Ala. 95; *Lee's Adm'r v. Downey*, 68 Ala. 101; *Warren v. Hearne*, 82 Ala. 555; *Wilburn v. McCalley*, 63 Ala. 436; *Teague v. Corbett*, 57 Ala. 529; *Garrett v. Garrett*, 69 Ala. 429; *Fariss v. Trimble*, 78 Ala. 266. These principles apply equally to the estates of all decedents, whether solvent or insolvent. The heir is not notified of the report of insolvency; he is not a party to the proceedings, and has no opportunity to file objections to claims, or had none until the enactment of the recent statute, which does not apply to this case; and he can not be concluded, nor his rights be in any way affected, by a judicial proceeding to which he was not a party, and of which he had no notice. *Randle v. Carter*, 62 Ala. 95; *McMillan v. Rushing*, 80 Ala. and other cases above cited.

But the Probate Court is a court of law, and does not possess the powers of a court of equity.—*Hays v. Cockrell*, 41 Ala. 75; *Johnson v. Longmire*, 39 Ala. 143; *Price v. Wilkinson*, 10 Ala. 172; *Moore v. Winston*, 66 Ala. 302. The claims here sought to be enforced, as shown on their face, involve unsettled partnership accounts, which can not be asserted or adjudicated in a court of law.—*Tipton v. Nance*, 4 Ala. 194; *Grigsby v. Nance*, 3 Ala. 350; *Morrow v. Riley*, 15 Ala. 710; *Calvert v. Marlow*, 6 Ala. 237; *DeJarnette v. McQueen*, 31 Ala. 230; *Pinney v. Werborn*, 72 Ala. 58; *Ex parte Dixon*, 64 Ala. 188; *Hinson v. Williamson*, 74 Ala. 180. If objections to the claims had been filed by the administrator, the Probate Court had no jurisdiction to adjudicate them. The failure to file objections can not give validity to the claims, nor put them on the footing of judgments. It was the duty of the creditors to institute proper proceedings in equity to procure judicial ascertainment of their respective claims; and they have now lost this remedy by their own laches.

STONE, C. J.—Bartholomew Boyle died intestate in 1875, and Needham Lee became his administrator. On petition and schedules filed by him, the estate was decreed insolvent, October 7, 1877. On April 7, 1878, R. H. Kelly filed a claim against the insolvent estate, for over $9,000; and on June 27th, 1878, John T. Milner filed a claim for over $24,000.

20

[Chandler v. Wynne.]

Each of these claims was in form an account, and each was claimed as a balance due to the claimants respectively, as surviving partners of partnerships which had existed between them and Boyle in his life-time. It is not pretended that either of the partnerships has ever been finally settled, or any balance ascertained. The accounts purport to set forth moneys of the respective firms, received and converted by Boyle in his life-time, and payments alleged to have been made by the survivors, on firm account. Neither account purports to set out a full and detailed statement of the partnership dealings. No exceptions or objections were filed to either of these claims, within twelve months after the decree of insolvency, nor at any time, until the institution of the present proceedings. No decree of the court approving the claims has ever been rendered; no payments have ever been made on them; no partial disbursements ordered, and it is not shown that any assets have come to the administrator's hands for disbursement. It is averred in the petition, after shown, that whatever of personal assets the decedent left, has been expended by the administrator in chief in the payment of expenses and costs of administration; and on coming to a settlement in 1887, nothing was found in his hands.

The present proceeding was instituted January 20, 1888. It is a petition by the administrator *de bonis non*, addressed to the Probate Court in which his administration is pending, and makes the heirs of said Boyle, the intestate, parties defendant. Its prayer is to have certain lands, property of decedent, decreed to be sold for the payment of said alleged debts to Kelly and Milner, there being no personal property for their payment. No objection has been taken to the mere form of these proceedings, and we have discovered no ground for such objection. Many defensive reasons are urged why the prayer of the petition should not be granted. The Probate Court held the defense good, and dismissed the petition.

The first defense relied on is the statute of limitations of six years, and *laches*, under which it is contended that the claims, for the payment of which a sale of the lands is sought, are barred, and furnish no ground for such sale. To this it is replied, that under the influence of our statutory system, the Kelly and Milner claims have become fixed debts and *quasi*-judgments against Boyle's estate, and the statute of limitations of six years operates no bar.—Code of 1886, §§ 2238, 2244, 2245.

At the time Boyle's estate was declared insolvent—October

[Chandler v. Wynne.]

7, 1877—the statute on the subject of filing claims against such estates was the same as it is now. Nine months were allowed for filing, and claims not so filed, with certain exceptions, were forever barred.—Code of 1876, § 2568; Code of 1886, § 2238. Three additional months, making twelve, were allowed to file objections to such claims; but, at that time, only the personal representative, or some creditor of the estate, was authorized to file objections.—Code of 1876, § 2575. The act approved December 4, 1878—Sess. Acts, 69—extended the privilege to heirs, legatees, devisees and distributees; but this was more than twelve months after the estate was declared insolvent.—Code of 1886, § 2245. This enactment does not affect this case.

The statute, Code of 1886, § 2244 (2574), declares that, "If no opposition is made, . . . . within twelve months after the time when the estate was declared insolvent, such claim must be allowed against the estate without further proof." The opposition here meant includes any and all objections to the claim which might be filed under section 2245 of the Code of 1886. The particular contention of appellant, as we have shown, is, that inasmuch as the claims of Kelly and Milner were filed, verified, before the expiration of the nine months allowed for filing claims, and no objections were interposed within twelve months—thus establishing their claims "against the estate without further proof"— they thereby became *quasi*-judgments, and cut off all defenses to them as such, no matter from what quarter such defenses may come.

It is certainly true, that when a claim has been filed against an insolvent estate, and not objected to in time, it becomes an ascertained and fixed debt against the personal representative, and against the personal assets in his hands; and, to that extent, it is no longer open to defenses which merely assail its justness as a proper charge. It is open only to defenses which accrue after the time for filing objections has expired. This has been very many times decided.—*Thames v. Herbert*, 61 Ala. 340; *Thornton v. Moore*, *Ib.* 347; *Clark v. Knox*, 70 Ala. 607; *Randle v. Carter*, 62 Ala. 95; *Eubank v. Clark*, 78 Ala. 73; *Moore v. Winston*, 66 Ala. 296. In *Heydenfeldt v. Towns*, 27 Ala. 423, there are some expressions which go beyond the doctrine announced above; but in that case the question did not arise as it does in this. If it was intended to declare that a claim filed against an insolvent estate, and not objected to in the

twelve months, becomes, in all cases, so far a judgment as to furnish conclusive evidence of the debt in a suit to subject lands for its payment, later rulings have qualified that doctrine. In *Randle v. Carter*, 62 Ala. 95, 104, this court said: "In *Heydenfeldt v. Towns*, 27 Ala. 429, it is said that the decree in favor of the creditor, in the course of the insolvent proceedings, has, as matter of evidence, a larger operation than a judgment at common law against the personal representative; that it is, as against the heir or devisee, *prima facie* evidence of the debt or demand." In this latter case, the ruling in *Heydenfelt v. Towns*, was expressly approved when applied to personal assets, and approval withheld when applied to real estate.

But let us consider this question on principle. Before December 4, 1878, only the personal representative and the creditors were, or could be, parties to proceedings in insolvency of estates. Heirs, devisees, legatees, distributees, were not permitted to be heard. They were said not to be affected by them. As to them, the proceedings were *res inter alios acta.*—*McGuire v. Shelby*, 20 Ala. 456 ; *Randle v. Carter*, 62 Ala. 95; *McMillan v. Rushing*, 80 Ala. 402. Would it not be monstrous to hold that the heirs are concluded by a proceeding of which they had no notice, and in which they had no right to appear, if by chance they had learned that it was pending ? If the statute had declared, in terms, that the effect of proceedings in insolvency, in in which they are denied the right to appear, should be to establish a debt, under which lands descended to them could be sold, without any right in them to question the existence of the debt, such statute would be palpably unconstitutional. *Wilburn v. McCalley*, 63 Ala. 436. And such doctrine, applied to such a case as this, is all the more shocking, when, by inattention or indifference, a careless administrator, or careless or interested creditors, may fail to file objections to claims, and thus establish them, no matter how groundless they may be.

As we understand the position taken by the appellant, it is not denied that, if Boyle's estate had remained solvent, then the heirs could interpose any defense to the present application, or to the claims on which it is founded, which their ancestor could urge if living. Our many rulings have settled this doctrine too firmly, to leave even a pretense for further dispute.—*Teague v. Corbitt*, 57 Ala. 529; *Steele v. Steele*, 64 Ala. 438; *Scott v. Ware*, *Ib.* 174; *Trimble v.*

[Chandler v. Wynne.]

*Fariss*, 78 Ala. 260; *Warren v. Hearne*, 82 Ala. 554. Can a reason be urged why this rule, at least before December 4, 1882, does not apply to insolvent estates?

The reason on which the rule rests is, that while the title of the personalty is in the personal representative, and as to it he represents all parties in interest, such is not the case with realty. This descends to the heirs, and in every step the personal representative takes in regard to it, he interferes with the descent. All the power the statutes give him over the land is in the interest of the creditors, and is in antagonism to the rights of the heirs at law.—*Teague v. Corbett*, 57 Ala. 529; *Steele v. Steele*, 64 Ala. 438, 455; *Trimble v. Fariss*, 78 Ala. 260, 266; *Clark v. Knox*, 70 Ala. 607, 622. And this is alike and equally true of insolvent, as it is of solvent estates. We hold that, with exceptions to be noticed further on, there is neither a difference, nor ground for a difference on this question, between solvent and insolvent estates; and when proceedings are instituted to subject lands to the payment of debts of an insolvent estate, "whatever would operate to defeat and bar the debt as a legal, subsisting demand, enforceable against the intestate if living and sued, will defeat and bar it when the personal representative seeks to charge the descended lands."—*Steele v. Steele*, 64 Ala. 438; *Warren v. Hearne*, 82 Ala. 554.

When, on proper proceedings, an estate is declared insolvent, it does not put an end to suits then pending against the personal representative. It, however, changes the *status* of all common-law suits, which have for their object the fixing of a money liability on the estate represented. These are retained, and permitted to be prosecuted to judgment, for the purpose of ascertaining whether any thing, and how much is due. If a money judgment is recovered against the estate, it is not enforceable by execution, as ordinary money judgments are. It is certified to the court of probate, for equal allowance with the other debts of the insolvent estate, and shares only *pari passu* with them in the disbursement.—Code of 1886, §§ 2250, 2251. Money demands, however, or claims solvable in money, asserted against the estate, if not in suit when the decree of insolvency is pronounced, stand on a different footing. On such claims no suit at law can afterwards be instituted. Their assertion, and any litigation growing out of it, must take place in the Probate Court in which the administration

[Chandler v. Wynne.]

is pending, and can be had no where else. The claim must be filed, verified, within nine months after the decree of insolvency, or after the accrual of the claim.—Code of 1886, § 2238. If no opposition or objection is filed to the claim within twelve months after the decree of insolvency, then "such claim must be allowed against the estate, without further proof."—§ 2244. If objection is filed to the claim within twelve months, "the court (of probate) must cause an issue to be made between the claimant and the objector, in which issue the correctness of such claim must be tried as in an action at law, if required;" and if the issue, either in whole or in part, is found in favor of the claimant, to the extent so found, it becomes an established claim against the estate without further proof.—§§ 2245, 2246. Claims thus established become fixed liabilities of the estate, having many of the qualities of *prima facie* judicial ascertainment. This for the obvious reason, that no other proceeding or suit is open to the creditor of an insolvent estate. A judgment against a personal representative, rendered on a liability not barred when the suit was brought, merges the liability in the judgment, and fixes a new departure from which to compute time necessary to perfect a bar.—*Scott v. Ware*, 64 Ala. 174; *Yondell v. Pugh*, 53 Miss. 295. So, a claim established against an insolvent estate in the Probate Court, must, *prima facie*, have the same effect; for no other form of judicial trial is open to such claimant.—*Heydenfelt v. Towns*, 27 Ala. 423; *Randle v. Carter*, 62 Ala. 95. So effectually does a decree of insolvency ascertain that there are debts of the estate in excess of personal assets, that on such decree, the personal representative may obtain an order to sell lands for the payment of debts, without taking any evidence to show the necessity of the sale.—Code of 1886, § 2258. We think, however, that the proper interpretation of the statute last referred to is, that it makes only a *prima facie* case. To hold it conclusive would be, perhaps, to make it unconstitutional.—*Stoudenmire v. Brown*, 57 Ala. 481; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594; *Wilburn v. McCalley*, 63 Ala. 436. It would certainly overturn the rulings of this court in *Teague v. Corbitt*, 57 Ala. 529; *Steele v. Steele*, 64 Ala. 438; *Clark v. Knox*, 70 Ala. 607, and *Trimble v. Fariss*, 78 Ala. 260.

Our insolvent system was intended to be complete, and we do not doubt it includes and provides for all claims that can

[Chandler v. Wynne.]

be brought within its provisions. Does it meet every class of cases?

It will be remembered that each of the two claims against Boyle's estate, brought to view in this case, is preferred in the character of surviving partner, claiming a balance due on partnership account, and not pretending that any settlement of either partnership has ever been had. Aside from these two claims there are no debts. Are these claims of such a character as, not being objected to within the twelve months, they become established claims against the estate, so as to authorize an order of sale without proof of indebtedness?—Code of 1886, § 2258.

While we concede that all claims against insolvent estates, absolute or contingent, legal or equitable, must be filed within the nine months, to entitle them to share in the disbursement, there are claims which, in their nature, forbid that anything shall be done in the Probate Court beyond the mere filing. We will not undertake to define or declare to what classes of cases this principle applies, but will confine our ruling to the case in hand. We hold, then, that claims, to be "allowed against the estate without further proof" (Code, § 2244), merely because they were filed and verified in nine months, and not objected to in twelve months, must be of a character which, if objected to, the Probate Court can determine their correctness, on "an issue to be made up between the claimant and the objector."—Code, § 2245. To hold otherwise, would be to declare that a claim would be entitled to allowance, if filed and not objected to, while the same claim, if objected to, could not be allowed, because the Probate Court is without jurisdiction to ascertain its correctness. The legislature can not be supposed to have intended so incongruous and inequitable a system as this would imply.

The claim in the present case being between partners, growing out of partnership dealings, and the accounts not settled between themselves, the question of debit and credit depends on the entire accounting and adjustment of the entire effects of the respective firms.—*Broda v. Greenwald*, 66 Ala. 538. This can not be had in the Probate Court. Only the Chancery Court can settle partnership accounts between partners.—*Vincent v. Martin*, 79 Ala. 540; 5 Wait's Act. & Def. 149. The claims relied on in this case, although not objected to, do not amount to *prima facie* proof of indebtedness from decedent, which will authorize a decree

ordering a sale of lands for their payment. It is nowhere shown or claimed that a final settlement has been had, nor can we learn from anything averred or proven what would be the state of the accounts, if stated and settled. On the contrary, the accounts on their face prove that no settlements have been had, and Milner's claim shows, *prima facie*, that it is incorrectly stated.

Controlled by the principles stated above, we hold that the proceedings in insolvency *in this case* have cut off none of the defenses which the heirs could otherwise make to the claims of Kelly and Milner. To them, the claims are simply accounts, barred in six years, prolonged to six years and six months by reason of Boyle's death.—*Pickett v. Hobdy*, 63 Ala. 609; *Lewis v. Ford*, 67 Ala. 143; *Lee v. Downey*, 68 Ala. 98; *Bond v. Smith*, 2 Ala. 660; *Teague v. Corbitt*, 57 Ala. 529; *Scott v. Ware*, 64 Ala. 374; *Steele v. Steele*, *Ib.* 438; *Trimble v. Fariss*, 78 Ala. 260; *Warren v. Hearne*, 82 Ala. 554. To them the affairs of the several partnerships are unsettled, with no act in recognition of their continued existence, for a period much longer than is requisite to perfect the statutory bar to any suit for their settlement; in this behalf, also, prolonged to six years and six months. *Bradford v. Spyker*, 32 Ala. 134; *Brewer v. Browne*, 68 Ala. 210.

The inquiry may arise, if we have not left creditors, situated as Kelly and Milner were, without remedy for the enforcement of their claims. If we were to declare absolutely what mode of redress was open to them, our ruling would be *dictum*. But their claims being purely equitable, and not susceptible of ascertainment in any proceeding known to the common law, should they not, after presenting and filing them, have invoked the powers of the Chancery Court to have them adjudicated and established, thus preventing the running of the statute? This, it would seem, was the only means open to them of putting their claims in shape for allowance in the insolvency. This is but a suggestion.

The judgment of the Probate Court is affirmed.

CLOPTON, J., not sitting.