# Collins *et als. v.* Hammock.

*Motion to Quash Execution.*

1. *Bankruptcy is a personal defence, and must be pleaded.*—Bankruptcy and discharge under it are a personal defence, and if not pleaded in the court trying the case, will be considered as waived.

2. *An objection to a judge on account of interest, must be made at the trial.* An objection to a judge sitting in a case on account of interest, must be made at the time of the trial. It will not be allowed on a motion to quash the execution and vacate the judgment, made several years after it was rendered.

3. *A corporation may make a bond in a judicial proceeding.*—The right to execute a bond in a judicial proceeding, is one of the incidental powers of all corporations that can sue and be sued. And the recitals of the bond in this case show it is the contract of the corporation.

APPEAL from the Circuit Court of DeKalb.
Tried before the Hon. LEWIS WYETH.

[Collins v. Hammock.]

The plaintiff, William N. Hammock, brought suit before a justice of the peace, in DeKalb county, to recover damages from the Alabama and Chattanooga Railroad Company for killing a cow. A judgment for the sum of twenty-five dollars was rendered against the defendant on the fourth day of February, 1871. From this judgment the defendant appealed to the Circuit Court, and executed the following appeal bond:

"The State of Alabama, DeKalb county. Know all men by these presents, that we, John C. Stanton, as Superintendent of the Alabama and Chattanooga Railroad Company, Lemuel J. Standifer, Henry C. Haralson, Joseph Hoge and Alfred Collins, are held and firmly bound to William N. Hammock in such sum as may be adjudged against them in the Circuit Court of said county by reason of the said Alabama and Chattanooga Railroad Company taking an appeal from a judgment rendered by A. F. Payne, as a justice of the peace, on the 4th of this instant, in favor of said Wm. N. Hammock, for twenty-five dollars, besides costs of suit against said railroad company, for the true payment of which well and truly to be made, we bind ourselves, our heirs, our executors and administrators, jointly and severally, firmly by these presents. Now, if the said A. & C. R. R. Co. shall well and truly pay all such costs and damages as may be rendered against said company in said Circuit Court then this bond to be void, otherwise to remain in full force and effect. Given under our hands and seals, this 6th day of February, 1871.        "JOHN C. STANTON,        [SEAL.]
                                  Sup't of A. & C. R. R. Co.
                              "LEMUEL J. STANDIFER, [SEAL.]
                              "ALFRED COLLINS,       [SEAL.]
                              "JOSEPH HOGE.          [SEAL.]

"These pleas were filed in the Circuit Court. The defendant pleads the general issue, in short by consent.

"Sept. 22d, 1871.            L. J. STANDIFER,
                              "Attorney for Defendant.

"The defendant by their attorney pleads in short the bankruptcy of the Alabama and Chattanooga Railroad Company. March 20th, 1873.

          "LEMUEL J. STANDIFER, Att'y for Def't."

These pleas, on motion of the plaintiff, were stricken from the file because of informality and insufficiency, and the defendant declining to plead over, a jury was empannelled, and returned a verdict against the defendant and assessed the damages of the plaintiff "at the sum of twenty-five dollars. A judgment for this sum was rendered against the

(30)

[Collins v. Hammock.]

defendant, and its sureties on the 18th day of March, 1874. Several executions had been issued on this judgment, and a levy had been made, when, at the spring term, 1875, of the Circuit Court, the defendants, sureties of said railroad company, entered a motion "to quash the levy and several returns of the sheriff upon said *fi. fas.*, and to recall, set aside and hold for naught as to the said movants the said judgment." The grounds assigned were these: "1st. Because the said movants were no parties to said suit, and the supposed appeal bond was not sufficient to authorize said judgment. 2d. Because said defendant made no appeal bond. 3d. Because no appeal was taken by said defendant, and the bond made by said movants was not such as authorized a judgment against them. 4th. Because said judgment as to the movants is void and unauthorized by law. 5th. Because the Hon. W. J. Haralson, the judge who rendered the judgment had been appointed on the 26th day of August, 1872, by the Circuit Court of the United States, receiver of the said defendant and accepted the appointment."

At the spring term, 1877, of the Circuit Court, the motion was overruled, and the defendants excepted.

M. J. TURNLEY, for the appellants.—1. The court erred because the bond purporting to be an appeal bond is the only pretended authority for the jurisdiction of the court, and it is wholly insufficient to authorize or uphold the judgment. The appeal bond shows, upon inspection, that it is not the bond of the said company. It is not signed by the said company, nor by any one for the company. It is signed by John C. Stanton as superintendent of said company. This company is a corporate body, and has a corporate name by which alone it can contract, sue and be sued, as a natural person.—Ang. & Ames, Corp. §§ 99, 103, 110, 217, 223, 276, 283, 295, 315; 1 Redf. on Rail. pp. 59, 617; 1 Pars. Cont. (4 ed.) 117–18–19, and note G.

2. The rendition of a judgment by the Circuit Court against sureties on an appeal bond is a summary proceeding; the power to do it is a special authority conferred by statute in derogation of common law, and it must be strictly pursued. Every fact or requirement of the statute is necessary to its jurisdiction, and must appear on the face of the proceeding. There is no pretence that the company made the bond, or that it was made by any one for the company. It is not good as a statutory appeal bond, and can not justify a summary judgment against the sureties.—Revised Code, §§

[Collins v. Hammock.]

2776, 3257 ; 27 Ala. 663 ; 5 Ala. 657 ; 5 Stew. & Port. 441 ;
4 Ala. 315 ; 2 Brick. Dig. p. 464, § 1 *et seq.*

3. If the jurisdiction of the court be wanting, the judg-
ment is void and must be set aside on proper application.
2 Brick. Dig. p. 140, § 137 ; 40 Ala. 247 ; 5 Ala. 562.

4. The relief here sought was formerly obtained by a writ
of *audita querela,* or *coram vobis* or *coram nobis;* but in
modern times and practice the course pursued is by motion
in term time, or by a *supersedeas* in vacation.—1 Bouv. Dic.
Title *Audita Querela,* 151 ; id. Tit. *Writ of Error,* p. 642 ;
9 Ala. 150; 12. Ala. 280; id. 238; 18 Ala. 778; 39 Ala.
314 ; 17 Ala. 339 ; 26 Ala. 413 ; 16 Ala. 813; 3 Ala. 668;
2 Brick. Dig. p. 466, § 25 *et seq.*

5. It is also insisted that the Hon. W. J. Haralson was
incompetent to sit as judge when he rendered the judgment
as shown by the record, and that the judgment is therefore
void.

L. A. DOBBS, for appellee.—1. The court did not err in
its refusal to quash the execution and to vacate the judg-
ment. In doubtful cases the court will not dispose of the
case upon motion, but will leave the defendants so to pro-
ceed that the plaintiff could demur or bring error.—2 Brick.
Dig. p. 465, § 5.

2. Bankruptcy is no defence unless pleaded before rendi-
tion of judgment. In this case the defendant had an oppor-
tunity to file such a plea, but failed to do so.—1 Smith L.
Cases, p. 934, and authorities ; 17 Ala. 339. In this case
the court says, " if a defendant has had an opportunity and
fails to plead his bankruptcy, he is bound by the judgment."

3. It is not necessary that the appeal bond should be
signed by the railroad company.—1 Stew. 266. The bond
conforms to section 3257, Revised Code, which is in sub-
stance the same as section 9, page 314, Clay's Digest, under
which the decision in 1 Stewart, *supra,* was made.

4. The judge was not disqualified, because he had no di-
rect or immediate interest in the cause.—42 Ala. 349 ; 45
Ala. 496.

STONE, J.—Bankruptcy, and discharge under it, being in
their nature a personal defence, must be pleaded in the court
trying the cause ; and if not so pleaded, are considered waived,
and the judgment is as binding on the bankrupt, as if he had
received no discharge.—*Ewing v. Peck & Clark,* 17 Ala. 339.

We consider it unnecessary to decide, in this case, whether

[Collins v. Hammock.]

Judge Haralson had such an interest in the cause as disqualified him from presiding at the trial. No objection, on account of his interest, was raised on the trial; and it is raised, for the first time, on the motion to quash the execution and vacate the judgment, made several years after the judgment was rendered. This, then, is a collateral attack.

In Freeman on Judgments, section 145, it is said : " While it is well settled by the common law, that no judge ought to act where, from interest or from any other cause, he is supposed to be partial to one of the suitors, yet his action in such a case is regarded as an error or irregularity, not affecting his jurisdiction, and [subject] to be corrected by a vacation or reversal of his judgment, except in those inferior tribunals from which no appeal or writ of error lies. If the facts are known to the party recusing, he is bound to make his objection before issue joined, and before the trial is commenced, otherwise he will be deemed to have waived the objections, in cases where the statute does not make the proceedings void." We do not think Judge Haralson's bias, if he had any, was such an interest, " direct and immediate," as to bring the case within our statute.—Code of 1876, § 540 ; *Ellis v. Smith*, 42 Ala. 349; *Hine v. Hussey*, 45 Ala. 496; *Hayes v. Collier*, 47 Ala. 726 ; *Newman v. The State*, 49 Ala. 9.

The remaining question relates to the legality of the appeal bond. It is contended that the bond in this case is not the bond of the party applying for the appeal, and that therefore, no judgment could be rendered upon it as a statutory obligation.—Code of 1876, § 3854. The bond is in the following form :

" Know all men by these presents, that we John C. Stanton as superintendent of the Alabama and Chattanooga Railroad Company, Lemuel J. Standifer, Henry C. Haralson, Joseph Hoge, and Alfred Collins, are held and firmly bound unto William N. Hammock in such sum as may be adjudged against them in the Circuit Court of said county by reason of the said Alabama and Chattanooga Railroad Company taking an appeal from a judgment rendered by A. F. Payne as a justice of the peace on the fourth of this instant in favor of said Wm. N. Hammock for twenty-five dollars, besides cost of suit against said railroad company. . . .

" Now, if the said A. & C. R. R. Co. shall well and truly pay all such costs and damages as may be rendered against said company in said Circuit Court, &c.

    "(Signed,)              JOHN C. STANTON, Sup't

                              of A. & C. R. R. Co. [SEAL,]"

[Collins v. Hammock.]

followed by the other names above, with scrolls attached as seals.

In the case of *Drake v. Flewellen*, 33 Ala. 106; *May v. Hewitt*, ib. 161, and in many other cases, collected in 1 Brick. Dig. pp. 60, 61, we considered the *prima facie* intendments of contracts, signed in ambiguous form, such as the present is, and their susceptibility of explanation, on pleadings and proof. In the former case we said, "The note copied in the bill of exceptions imposes, *prima facie*, a personal liability on the defendant. That personal liability, however, can be shifted by pleadings and proof." In *Lazarus v. Sharer*, 2 Ala. 718, this court said, "Where it is doubtful from the face of the contract, whether it was intended to operate as the personal engagement of the party signing it, or to impose an obligation on some third person as his principal, parol evidence is admissible to show the true character of the transaction." In *McWhorter v. Lewis*, 4 Ala. 198, the contract was for the payment of money—"I promise to pay"— and was signed "A. A. Mc. President W. & Coosa R. R. Company." The suit was against McWhorter individually, and he sought to defend on the ground that the note was a debt of the corporation, and not his own personal contract. This court ruled his defence insufficient, because he attempted to make it without a sworn plea; but held that on such verified plea, the defendant could "defend himself against an action charging him personally, by proving that the note was made for and on account of the corporation, in virtue of an authority for that purpose, and so accepted by the payee."

In *May v. Hewitt, supra*, the language of this court is, "When it is doubtful from the the face of a contract, *not under seal*, whether it was intended to operate as the personal engagement of the party signing, or, to impose an obligation on some third person as his principal, parol evidence is admissible to show the true character of the transaction." Whether it was the intention of this language to draw a distinction between money obligations under seal, and those not under seal; or whether it was intended to shield sealed instruments of all clases from dangerous exposure to parol proof, we need not inquire in the present case. No attempt was made, or deemed necessary, to explain the character of the bond we are construing. The bond itself, we think, by its recitals, furnishes its own interpretation. It affirms that the appeal was taken by the Alabama and Chattanooga Railroad Company, from a judgment rendered against said corporation; and its condition is to pay "all such costs and damages as

[Pruitt v. Ellington.]

may be rendered against said company." The right to exe-
cute a bond in judicial proceedings, is one of the incidental
powers of all corporations that can sue or be sued. The sig-
nature of Stanton, was but the signature of the corporation
through him—the corporation being incapable of doing a
manual act. The authorities we have cited above clearly
show that the form and manner of the signature are not con-
clusive of the question of personal contract *vel non*, and we
hold that the recitals in this bond stamp it as the contract of
the corporation.

We find no error in the record, and the judgment of the
Circuit Court is affirmed.