# Gill *v.* The State.

*Indictment for Murder.*

1. *Judge; when disqualified.*—A judge related, within the fourth degree of affinity or consanguinity to the slain, is incompetent to try one charged with the murder.

2. *Constitution, article 6, section 18 of, construed.*—Such relationship, though not falling within the letter of section 540 of the Code, which disqualifies on account of relationship to the *parties,* is a "legal cause" at

common law, and also under article 6, section 18 of the constitution, which renders the judge incompetent, and authorizes the prisoner and the solicitor to agree upon a special judge, and in default of such agreement, an appointment by the clerk.

APPEAL from Dallas Circuit Court.

Tried before JOHN P. TILLMAN, Esq., an attorney of the court.

The appellant, Joe Gill, was indicted for the murder of William G. Gill. When the defendant was brought up for arraignment, the presiding judge being a first cousin of the person slain, declined to preside in the case, and the defendant and the solicitor failing to agree upon a special judge, the clerk appointed John P. Tillman, esq., a disinterested person, practicing in the court, and learned in the law, to preside as special judge.

The prisoner was then arraigned, and refusing to plead, the plea of not guilty was entered for him. A trial was had, the jury returning a verdict of guilty of murder in the second degree, and assessing the punishment at twenty-five years imprisonment in the penitentiary. The prisoner being interrogated if he had anything to say why the sentence of the law should not be passed upon him, " objected thereto, on the ground that the proceedings in the cause were informal and illegal, and did not authorize the court to pronounce judgment against him. The court overruled defendant's said objection, and he excepted, and defendant saying nothing further," the court passed sentence in accordance with the verdict. The defendant appealed.

It is now assigned as error, that there was no authority of law to appoint a special judge.

SUMTER LEA, for appellant.

H. C. TOMPKINS, Attorney-General, contra.

STONE, J.—The constitution, article 6, section 18, ordains that " If in any case, civil or criminal, pending in any circuit, chancery or city court in this State, the presiding judge or chancellor shall, for any legal cause, be incompetent to try, hear, or render judgment in such cause, the parties or their attorneys of record, if it be a civil case, or the solicitor or other prosecuting officer, and the defendant or defendants, if it be a criminal case, may agree upon some disinterested person practicing in the court and learned in the law, to act as special judge or chancellor, to sit as a court,

and to hear, decide and render judgment in the same manner and to the same effect as a judge of the Circuit or City Court or chancellor sitting as a court might do in such case." The section then provides that in case the parties do not agree on a special judge to try the cause, " the clerk of the Circuit or City Court, or register in chancery, of the court in which said cause is pending, shall appoint the special judge or chancellor, who shall preside, try and render judgment as in this section provided." The record in this case recites that it was " shown that the Hon. George H. Craig, the presiding judge of the court, was related to William G. Gill, the person who is charged to have been murdered by the defendant, within the fourth degree of consanguinity, to-wit, was his first cousin; the said judge by reason of his relationship declined to preside on the trial of said Joe Gill, and the defendant and the solicitor for the State having failed to agree upon a special judge to sit as a court, and to hear and decide and to render judgment in this cause, the clerk of the court thereupon appointed John P. Tillman, a disinterested person practicing in this court and learned in the law, to sit as a court, to preside, try, hear and decide, and render judgment herein, in the same manner and to the same effect, as the presiding judge of this court, sitting as a court, might do, sitting in this cause." The said John P. Tillman did preside as judge on the trial of this cause, and defendant was convicted of murder in the second decree. It is objected that there " was no authority of law to appoint a special judge." This is the only question raised by the record, which we consider it necessary to notice.

The Code of 1876, section 540, declares that " no judge of any court, chancellor, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, without the consent of parties entered of record, or put in writing, if the court is not of record." The parties to the present proceeding were the State of Alabama as complaining party, and Joe Gill as defendant. These were the only parties. It is manifest that the present case does not fall within the letter of the statute. But, if we confine the rule to the strict letter of section 540 of the Code, we thereby declare a judge may sit in judgment on a criminal, who took the life of his nearest relative. Nay, more; for offenses less than homicide, we declare that a judge may try an offender for a public offense against his own person or property.

[McDowell v. The State.]

According to the stern morality of the common law, a judge is required to be legally indifferent between the parties. Any, the slightest pecuniary interest in the result, disqualifies. Relationship, usually within the fourth degree of the civil law, the law in its severe, but humane ethics, regards as a bias that unsettles the perfect equipoise that justice demands.—See 2 Bouv. Bacon, Courts, letters L. and M. pp. 620, 621; 4 Vin. Abr. Chancery, letter L. p. 385; Earl of Derby's Case, 12 Rep. 114; *Hawkins v. Co. of Kennebeck*, 7 Mass. 461; *Dimes v. Gr. Junction Canal Co.* 16 Eng. L. & Eq. 63. In Freeman on Judgments, section 145, it is said to be "well settled by the common law that no judge ought to act where, from interest or from any other cause, he is supposed to be partial to one of the suitors." In *Moses v. Julian*, 45 N. H. 52, may be found a most elaborate collection of authorities on this question. The student of this interesting question will find much valuable information by consulting that case. The question has also been before this court.—See *Claunch v. Castleberry*, 23 Ala. 85; *Heydenfeldt v. Towns*, 27 Ala. 423, 430.

We hold that Judge Craig did not err in declining to preside in the trial of this case, and that he was incompetent to preside, in consequence of his relationship in the fourth degree to the deceased. This was a "legal cause" under our constitution which rendered him incompetent to try, hear, or render judgment, and presented a case, precisely within its provisions, for the appointment of a special judge.

Affirmed.