[Salm v. The State.]

# Salm *v.* The State.

*Indictment for Arson.*

1. *Amendment of indictment; striking out count.*—An indictment can not be amended, strictly speaking, by striking out one count; but such amendment being the equivalent of a *nolle-pros.* as to that count, which is allowable, it is not a reversible error.

2. *Incompetency of presiding judge; preliminary orders in cause.* When the presiding judge of the court is disqualified to sit on the trial of a criminal case (Code, § 647), he is equally disqualified to make any preliminary orders in the case which involve the exercise of judicial functions; as, setting a day for the trial, or determining the number of special jurors to be drawn and summoned; and also to draw the special jurors, in the exercise of the power confided to him for wise and obvious reasons, though not a judicial act.

3. *Change of venue; affidavits founded on opinion.*—On application for a change of venue (Code, § 4485), affidavits expressing the opinion of the witness, *pro* or *con.*, are worthless as evidence, unless supported by sufficient reasons stated as facts.

4. *Cross-examination of witness, showing unfriendliness.*—On cross-examination of a witness, he may be questioned as to facts showing his unfriendliness to the party against whom he testifies; as by procuring a warrant to be sworn out charging him with a criminal offense.

5. *Charge as to sufficiency of circumstantial evidence.*—In a criminal case, when the evidence is entirely circumstantial, a charge requested, instructing the jury that the defendant's innocence must be presumed until the case proved against him is, in all of its material circumstances, beyond any reasonable doubt; that the evidence should be strong and cogent, to find him guilty as charged—so strong and cogent as to show his guilt to a moral certainty,—asserts a correct proposition, and its refusal is error.

6. *Charge as to adequate motive.*—The failure of the prosecution to prove a motive on the part of the defendant for the commission of the offense charged against him, when the evidence is entirely circumstantial, is a circumstance to be considered by the jury in connection with the other evidence, and on which counsel may properly comment; but it does not, as matter of law, raise a presumption of innocence, or necessarily generate a reasonable doubt of guilt; and a charge requested, asserting either of these propositions, is properly refused.

7. *Argumentative charges*, or charges which select and give undue prominence to particular facts or parts of the evidence, are properly refused.

FROM the City Court of Decatur.

Tried before the Hon. E. C. EYSTER, as special judge.

The indictment in this case contained four counts, each charging the defendant, J. M. Salm, with arson in the first degree. The first count charged that the building was a store-house of Mrs. Sue J. Echols, in which a human being

was lodged at the time; the second, that it was a store-house, of the Decatur Mineral & Land Company, a corporation; the third, that it was the dwelling-house of H. G. Barnwell, in which he was lodged at the time; and the fourth, that it was a building or store of the Southern Bell Telephone Company, a corporation. The second count was struck out by amendment, and the court sustained a demurrer to the fourth count.

Hon. W. H. SIMPSON, the presiding judge of the court, being disqualified to sit on the trial of the case, E. C. EYSTER, Esq., an attorney of the court, was selected as special judge, and an order to that effect was entered of record. Before this was done, however, several preliminary orders were made in the case, as stated more particularly in the opinion of the court; and these orders were made against the objection and exception of the defendant, on the ground of his incompetency. An application for a change of venue was also made and overruled, and an exception reserved to its refusal. Other exceptions were reserved to rulings on evidence, and to several parts of the general charge given by the court.

The defendant requested the following (with other) charges in writing, duly excepting to their refusal:

1. "Unless the testimony against the defendant tends to show a motive on his part to burn the buildings mentioned in the evidence, a presumption of law is created in favor of his innocence, which the jury are bound to consider in his behalf."

2. "No sufficient evidence of a motive on the part of the defendant to burn the house or houses has been shown, to warrant the jury to come to the conclusion that any inducement for gain or revenge actuated or prompted the defendant to commit the offense with which he is charged."

3. "If the evidence fails to satisfy the jury that there was any motive or inducement on the part of the defendant to commit the offense, they may look to this fact, if it be a fact, to generate a reasonable doubt as to his guilt."

4. "If from all the evidence the jury are not satisfied that the defendant had a motive or inducement to burn the house; then the fact that no such motive or inducement is shown, if it be a fact, should be considered by the jury; and this fact may be sufficient to generate a reasonable doubt as to the guilt of the defendant, and therefore for his acquittal."

5. "If the evidence fails to satisfy the jury that there was any motive or inducement on the part of the defendant to

[Salm v. The State.]

commit the offense, this fact, if it be a fact, may be ground for a reasonable doubt as to the guilt of the defendant, and therefore for his acquittal."

6. "In the absence of a motive or inducement on the part of the defendant to commit the offense with which he is charged, the jury may have a reasonable doubt as to his guilt, and therefore acquit him."

20. "The evidence against the defendant in this case is circumstantial, and his innocence must be presumed by the jury until the case proved against him is, in all its material circumstances, beyond any reasonable doubt; that to find him guilty as charged, the evidence must be strong and cogent; and unless it is so strong and cogent as to show the defendant's guilt to a moral certainty, the jury must find him not guilty."

WERT & SPEAKE, for appellant, argued all the points reserved, and especially the following: (1.) Judge Simpson was incompetent to sit in the case, for any purpose.—Code, § 647; *Gill v. State*, 61 Ala. 169; *Spicer v. State*, 69 Ala. 159; *Heydenfeldt v. Townes*, 27 Ala. 423. (2.) At common law, an indictment could not be amended, especially in a capital case, even by consent; and the statute does not allow such an amendment as was made in this case.—Code, § 4389. (3.) The application for a change of venue ought to have been granted.—*Seams v. State*, 84 Ala. 410; *Birdsong v. State*, 47 Ala. 68; *Johnson v. Com.*, 82 Ky. 116. (4.) It is always competent to discredit a witness by showing his bias or prejudice, his friendship or hostility. (5.) The entire evidence in the case was circumstantial, and the court erred in instructing the jury that certain parts of it were positive. *Chisholm v. State*, 45 Ala. 66; *Faulk v. State*, 52 Ala. 415; *Banks v. State*, 72 Ala. 522; *Bland v. State*, 75 Ala. 574; *Matthews v. State*, 55 Ala. 65. (6.) The charges asked, as to the absence of any motive on the part of the defendant, ought to have been given.—*Clifton v. State*, 73 Ala. 473.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The record recites that the prosecuting attorney was allowed to amend the indictment in this case, by striking out the second count. Technically, this ruling was wrong. It was competent for the solicitor, with the permission of the court, to enter a *nolle-prosequi* as to one

[Salm v. The State.]

or more of the counts; and the ruling made accomplished the same result. We will treat the ruling as a *nol-pros.*, and, so treating it, we find no error in this ruling.

The house, or dwelling, charged in the first count to have been burned, is described in the indictment as being the property of Mrs. Echols. Hon. W. H. Simpson, the presiding judge of the City Court, being related to Mrs. Echols within the fourth degree of consanguinity, was incompetent to preside on the trial.—Code of 1886, § 647; *Gill v. State,* 61 Ala. 169. He, therefore, rightly declined to preside. We think, however, that he erred in making certain preliminary orders. We specially refer to the order setting a day for the trial, the order determining the number of special jurors to be drawn and summoned, and to the act of drawing the special jurors. These were not, in their nature, mere formal proceedings. Two of them were strictly judicial functions, and the third one was confided to the presiding judge for very wise and obvious reasons.—*State v. Castleberry,* 23 Ala. 85; *Heydenfeldt v. Townes,* 27 Ala. 423; *Wilson v. Wilson,* 36 Ala. 655; *Plowman v. Henderson,* 59 Ala. 559; *Gill v. State,* 61 Ala. 169.

It is not our intention to pronounce definitively on the strength of the showing for a change of venue. The facts may not be the same when the case is again called for trial. Very strong reasons were set forth in the application, which were, to a considerable extent, negatived in the counter showing. We think, however, that a mere expression of opinion, that one accused of crime can, or can not, have a fair and impartial trial, is worthless as evidence, *pro* or *con*, unless it is supported by sufficient reasons, testified to as facts.—*Seams v. State,* 84 Ala. 410; *Hawes v. State,* 88 Ala. 37.

Nelson was one of the strongest, if not the strongest witness, against the defendant. After he had testified, and while Rice, another witness for the State, was being examined, he, Rice, testified that, after Salm was released from prison on bail, he went to the solicitor's office with Nelson, and swore out the warrant against Salm (for gaming). The bill of exceptions then proceeds: "The defendant proposed to prove by this witness the interest Ben. Nelson had in the prosecution of the defendant, for the purpose of affecting his credibility, and asked the witness on cross-examination the following question: 'Did not Ben. Nelson get you to make the affidavit against the defendant, charging him with

[Salm v. The State.]

gaming?"' On the objection of the State, the witness was not allowed to answer this question. We think the City Court erred in this ruling. Unfriendliness to a party against whom a witness testifies, is competent testimony on cross-examination. It does not necessarily discredit, but it is a circumstance the jurors are authorized to weigh in determining whether bias or ill-feeling does not, to some extent, color the testimony thus given in.—1 Greenl. Ev. § 450; *Barnett v. State,* 7 So. Rep. 414, at present term.

The general charge given by the court is, with a single qualification, exceptionally clear, accurate and impartial, and covers the whole field of controversy. We differ with the presiding judge in the opinion that there was any positive testimony of defendant's guilt, within the rule which separates positive from circumstantial testimony. There was positive testimony of facts, including the conduct of the defendant, from which it was doubtless contended his guilt should be inferred, but it was not positive testimony of guilt. Charge 20 asked by defendant ought to have been given; for it clearly sets forth the proper measure of requisite proof to justify conviction of a criminal offense.

It was doubtless contended before the jury, that the defendant could have had no motive for burning the building and its contents. This was a legitimate line of argument, and, if true, was worthy of the jury's consideration. It should have been weighed with the other evidence, in inquiring as to the defendant's guilt. But it was only a circumstance to be weighed, and did not, as matter of law, raise the presumption of innocence, or necessarily generate a reasonable doubt of guilt. Its weight was not a principle of law to be charged upon as such, but was only one of the *data,* if found to exist, from which the jury would and should draw their inferences.

The charges asked in reference to motive, or the absence of it, either invaded the province of the jury, by declaring that it had a specific legal effect, or they were objectionable on the ground that they sought to direct special attention to that phase of the proof, and thus to give it undue prominence. Charges of the latter class we uniformly hold are mere arguments, and are properly refused on that account. We have decided this question so often we need not cite the authorities.

Reversed and remanded.