# Pegues v. Baker.

*Action to recover Damages for the Breach of a Contract.*

1. *Disqualification of judge or justice of the peace; statutory provisions not conclusive.*—The disqualification declared by the statute, (Code, § 647), providing that no judge, chancellor or justice "must sit in any cause or proceeding in which he is related to either party within the fourth degree of consanguinity or affinity," are not conclusive of the disqualifications imposed by the common law.

2. *Same; effect of death of justice's wife.*—Where a justice of the peace married defendant's first cousin, who at the time of the institution of the suit is dead, having left children of the marriage surviving her, the justice is incompetent to try the cause against such defendant ; and where such justice is the only one in the precinct of the residence of the defendant, the action is properly brought before the justice of the peace in the adjoining precinct, (Code, § 2805) ; and a motion to dismiss the proceedings before the latter justice should be overruled.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.

The appellant, Arthur A. Pegues, brought an action in the justice of the peace court against W. M. Baker, the appellee, to recover damages for the breach of a contract. In the justice's court, the defendant moved to dismiss the cause, because it was not brought in the precinct in which the defendant resided, nor in the precinct

where the cause of action, if any, arose; there being a justice of the peace in the precinct in which the defendant resided. This motion was overruled by the justice of the peace, and upon his rendering judgment in favor of the plaintiff, the defendant appealed to the circuit court. On the hearing of the cause in the circuit court, the defendant renewed his motion to dismiss the suit on the same grounds made in the justice court. The facts, as to the relationship of the justice of the peace in the precinct in which the defendant resided, are sufficiently stated in the opinion. Upon the hearing of all the evidence, the court granted the motion, and dismissed the cause. The plaintiff appeals, and assigns this judgment of the court as error.

O. D. STREET, for appellant.—The authorities are unanimous that while the death of either of the spouses without issue of the marriage still living, terminates the relationship, yet if such issue does survive, the relationship continues.—*Commonwealth v. Brown*, 9 Amer. St. Rep. 755; Thompson & Merriam on Juries, § 178.

While we find no authority directly settling this question, as to the removal of a degree, the language of all the authorities is that in such cases "the relationship continues," "the tie remains unbroken," and such like expressions, all indicating a continuity of a previously existing relationship. Nothing can continue which has not previously existed. It is true that a thing, or a state, or condition may in a sense continue though altered or changed in some particular. But there is to be found no hint or suggestion of any change in the relationship in any of the authorities. But if the ruling of the trial court is correct, there occurs in such cases not only a change or alteration of the relationship, but we submit an entire destruction of it, and the creation in its stead of a new relationship, neither of consanguinity nor affinity. Therefore, in law no relation at all.—3 Amer. & Eng. Encyc. of Law, 661 and notes; 1 Amer. & Eng. Encyc. of Law, 315 and notes.

LUSK & BELL, *contra*.—The motion of defendant to dismiss the suit, should have been granted in the justice court.—Code, § 3303; *Horton v. Elliott*, 90 Ala. 480.

The suggestion by plaintiff that the relation between

defendant and M. V. Stevens, the justice of the peace in Claysville precinct, continued after the death of Steven's wife, defendant's cousin, is not sound. The relationship existed no longer after her death.—*Kelly v. Neely*, 56 Amer. Dec. 290 ; 12 Amer. & Eng. Encyc. of Law, p 8. The death of the parties to the marriage dissolves the relationship by affinity.—Schouler on Dom. Rel., § 16, note 1 ; *Blodget v. Brinsmaid*, 9 Vt. 27 ; 1 Blackstone, 434, note 4.

BRICKELL, C. J.—The statute, (Code § 3303), exempts a defendant from suit by ordinary civil process before a justice of the peace, without the precinct of his residence, or of that in which the debt was created, or the cause of action arose, and declares that a suit brought contrary to its provisions, must on motion be dismissed by the justice. But if there is no justice, or notary public having the jurisdiction of a justice, within the precinct of the defendant's residence, or if the justice is from any cause incompetent, the summons may issue and the cause be tried by the justice of an adjoining precinct.—Code, § 3305.

In this case, there was but a single justice in the precinct of the residence of the defendant, and he had married a first cousin of the defendant, but the wife had been dead for many years, leaving children surviving. The question is, whether the justice was incompetent to try the cause. The statute declares : "No judge of any court, chancellor, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity," &c.—Code, § 647. The disqualifications which the statute declares are not exclusive ; there are disqualifications which the common law imposes, remaining of full force.—*Gill v. State*, 61 Ala. 169; *Medlin v. Taylor*, 101 Ala. 239. A judge or justice may be without pecuniary interest which will be affected by the result of a suit pending before him, and yet he may be a party to, or have an interest in, a suit involving the same questions upon which he is required to pass judgment, and the bias in favor of the one party or the other naturally resulting, is deemed by the common law a disqualification.—*Medlin v. Taylor, supra* ; *Moses v. Julian*, 45 N. H. 52, s. c. 84 Am. Dec. 114. The death of

[Cheney, Trustee v. Nathan.]

the wife may have dissolved the relation by affinity between the defendant and the justice, and if there were not children of the marriage surviving, the justice would not be incompetent. But as there are children surviving, the disqualification continues, for, as is said by Lord Coke, "the law presumeth that one kinsman doth favor another more than a stranger."—*Jaques v. Commonwealth*, 10 Gratt. 690; *Dearmand v. Dearmand*, 10 Ind. 191; *Commonwealth v. Brown*, (note), 9 Am. St. 755. We are of opinion the justice was not competent to sit in this cause, and of consequence that there was error in sustaining the motion to dismiss.

We are not averse to this conclusion. Judicial officers should not be compelled to try causes in which they may have the bias of pecuniary or other interest, or in which they are not free from the bias of relationship. If compelled to the one or the other, public confidence in the purity of the administration of justice will be lessened, and judges will become the objects of suspicion and distrust.

The judgment is reversed, and the cause remanded.