(121 So. 429)

Ex parte THOMPSON et al.   (6 Div. 495.)

Court of Appeals of Alabama.   Jan. 15, 1929.

Rehearing Denied Feb. 12, 1929.

RICE, J. Von L. Thompson, Anna M. Thompson, and Foy M. Thompson apply to this court for an original mandamus, to J. Russell McElroy, judge No. 11, of the circuit court for the Tenth judicial circuit of Alabama (Gen. Acts Ala. 1927, pp. 671, 672), commanding him to recuse himself from the trial or other handling of certain cases named in the petition, pending at the time the petition was filed in said circuit court of the Tenth judicial circuit. All of the cases named in the petition are "cases appealed from the Recorder's Courts of the City of Birmingham to the Circuit Court of said (Tenth) Judicial Circuit," and it would seem, though it is unnecessary for us to so hold, that said cases were intended by the Legislature (Acts 1927, p. 671, supra) to be tried before the said judge No. 11, if not exclusively, in preference to every other judge of said judicial circuit.

Whatever may be the practice in other jurisdictions, in ours, it appears that, by statute (Code of Ala. 1923, § 8978), one against whom the writ of mandamus is sought, or the defendant, may test the sufficiency of the petition filed, by demurrer. That has been done in this case.

■ Boiled down and stripped of immaterial or superfluous statements, the petition filed here attempts to set up or allege matters which it is conceived by petitioners disqualify the said J. Russell McElroy, judge No. 11, aforesaid, from sitting as judge in the cases described in the petition. Code of Ala. 1923, § 8570. The procedure followed is that prescribed by law. In other words "where the Judge is shown to be incompetent [disqualified], 'mandamus is the proper remedy to compel him to certify his incompetency, as a preliminary to the selection of a qualified Judge in his stead.'" Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528, and cases cited in the opinion in same (206 Ala. 22) 89 So. 532.

■ The grounds of disqualification of a judge to sit in any given case are, in addition to those listed in the statute (Code 1923, § 8570, supra), any of those imposed by the common law. Woodmen of the World v. Alford, supra; Pegues v. Baker, 110 Ala. 251, 17 So. 943. Of these common-law grounds of disqualification, it was said in Ex parte State Bar Association, 92 Ala. 113, 118, 8 So. 768, 770: "The interest [of the judge] which will disqualify must be a pecuniary one, or one affecting the individual rights of the Judge." See McConnell v. Goodwin, Judge, 189 Ala. 390, 66 So. 675, Ann. Cas. 1917A, 839.

And it has been said: That "at the common law * * * bias or favor, not the result of interest or relationship, is not supposed to exist." Fulton v. Longshore, Probate Judge, 156 Ala. 611, 46 So. 989, 19 L. R.

Von L. Thompson, Cora R. Thompson, and Theodore J. Lamar, all of Birmingham, for petitioners.

Horace C. Wilkinson, of Birmingham, opposed.

A. (N. S.) 602. Also that "at common law there were but two objections that went to the disqualifications of a Judge to try a cause, to wit, interest in his own behalf in the result or being kin to others interested therein." Fulton v. Longshore, Probate Judge, supra.

The cause here is submitted upon the original petition, defendant's demurrers, and his answer. Ex parte Butler-Keyser Mfg. Co., 174 Ala. 237, 240, 56 So. 960. We have examined critically the petition, and conclude that it nowhere sets up any of the grounds of disqualification of the said J. Russell McElroy, judge, etc., to sit as judge in the cases described in said petition, prescribed by the statute (Code, § 8570, supra), or those imposed by the common law. It follows that the petition is subject to the second, third, fourth, sixth, seventh, and eighth grounds of demurrer interposed. The demurrers to the petition are sustained, and the writ of mandamus is denied.

Demurrer sustained. Writ denied.