267 So.2d 461

**Mildred C. SHELL**

v.

**Claude E. SHELL.**

**6 Div. 113.**

Court of Civil Appeals of Alabama.

May 17, 1972.

Rehearing Denied June 7, 1972.

Harris & Esdale, Birmingham, Lee Bains, Bessemer, for appellant.

W. Gerald Stone, Arthur Green, Jr., Bessemer, for appellee.

**WRIGHT, Presiding Judge.**

Claude E. Shell brought suit for divorce against Mildred C. Shell in the Circuit Court of Jefferson County, Bessemer Division, on December 28, 1970. Respondent filed answer and cross-bill for separate maintenance. In her cross-petition, Mrs. Shell sought, in addition to support, a property settlement of real property owned by the parties jointly with right of survivorship.

After issue was joined and at a hearing *ore tenus* on the evidence in support of the respective bills of complaint, counsel for appellant-respondent orally moved the trial judge to recuse himself on the grounds of personal bias and prejudice in favor of complainant. There was no testimony taken on the motion, but oral charges were made by counsel alleging close friendship between Mr. Shell and the judge. It was charged that Shell had been a political supporter and contributor of the judge and had entertained him and gone fishing with him.

After hearing the charges, the judge denied only that they had fished together and made the further comment to the effect that he had no friendships when he sat as judge. He refused to recuse himself and testimony on the bills of complaint proceeded *ore tenus*. Decree was entered striking the appellant's cross-complaint and granting a divorce to appellee on the ground of cruelty.

The decree awarded to Mrs. Shell all household fixtures and furniture except minor items. It further directed the home, jointly owned with right of survivorship, be sold and the proceeds, after costs of sale, be divided equally between the parties. There was ordered paid from said sale certain purchases made by Mrs. Shell and charged to Shell prior to December 20, 1970. It was ordered that the register pay from Mrs. Shell's half of the proceeds all purchases made by her and charged to her husband after February 21, 1971. It was on this latter date that the court had entered a restraining order to Mrs. Shell directing her to make no further purchases and charge them to Shell. She continued to make purchases, in spite of the order, in an amount in excess of $5,000.

The court found from the evidence that Mrs. Shell had $10,000 in cash, a 1970 Cadillac automobile, free from encumbrance, and an income of $190 per month from Social Security. The evidence disclosed that both parties were married to other spouses at the time they met at church, began seeing one another, and subsequently left their spouses and began living together in Texas. This liaison continued for a year and a half prior to their marriage on June 9, 1967.

During their brief marriage they took many trips and spent vast sums of money. Shell is required to pay his former wife $1,000 per month alimony and $500 per month to educate and support his son. He is required to pay $3,600 annually in premiums on a life insurance policy to which his former wife and son are beneficiaries.

At the time of the decree, Shell was not employed, owed an estimated income tax of between $28,000 and $38,000 and owned only various investments with net value of

some $200,000. There was no evidence that appellant aided in accumulating any of such assets, but rather participated heavily in depleting others during the short and tempestuous union of the parties.

There was evidence of a chronic physical and mental ailment by Mrs. Shell, but which had been present prior to the marriage. Medical testimony was presented that she would not cooperate in medical treatment and that at least some of her symptoms were due to malingering. We can see no need to further set out matters in evidence as we are constrained to the view that the decree is fairly and substantially supported by the testimony.

■ The often stated rule of review of a decree by a trial court after a hearing *ore tenus* must here prevail; i. e., we will not disturb the finding of the trial court unless it is so unsupported by or contrary to the evidence as to be palpably wrong. Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896. This rule is applicable and dispositive of Assignments of Error 2, 3, 4, 5 and 6 as they each charge that the decree is contrary to the evidence.

Assignment of Error 1 is directed at the refusal of the trial judge to recuse himself because of charged close friendship with the complainant.

Title 13, § 6, Code of Alabama, provides the statutory grounds for disqualification of a judge.

■■ The grounds set out in the statute do not exclude common law grounds. The common law required that no judge sit in judgment where, from interest or any other cause, he could not be legally indifferent between the parties. Gill v. State, 61 Ala. 169; Collins v. Hammock, 59 Ala. 448; Ex parte Thompson, 23 Ala.App. 46, 121 So. 429; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528.

■ It is contended by appellee that disqualification of a judge must be raised prior to issue being joined or it is considered waived. It is further contended that the proper remedy for refusal of the judge to certify his disqualification is by mandamus, and not as ground of error on appeal. Niether of these contentions are fully correct. Motion for disqualification may be made after issue is joined if the grounds therefor were not known prior thereto. De Moville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704. It was further stated in the just cited case that though mandamus is the proper remedy for review of refusal of a judicial officer to certify his disqualification, the cases do not hold it is the only remedy. We quote therefrom the following:

"They do not hold, and no case apparently has held, that mandamus is the only remedy, when the question is properly presented and overruled. We think the ruling may properly be here assigned as error. . . ." (237 Ala. at page 352, 186 So. at page 708)

We therefore consider Assignment of Error 1 proper for our consideration.

It is clear that the charged grounds for disqualification do not come within the provisions of the statute. Therefore, we must consider whether there is disqualification under the common law.

We have carefully read the cases decided in Alabama on the matter of common law disqualification. We find no case decided on the existence of personal or political relationship between the judge and one of the parties or attorneys. Of course, at common law, the judicial officers were not elected as in our system. The judge was expected to exercise sound discretion by refraining from trying cases where any circumstances might tend to cast doubt or suspicion on the fairness of the court. There should be no less an expectation of a fair, unbiased and coldly impartial judiciary today. The selection of judges by popular election contests in which heated partisanship is often involved tends to create extreme relations, both friendly and unfriendly. By necessity, attorneys and po-

tential parties to lawsuits become involved, both personally and financially, in the campaigns of judges. Thus the door is opened for a charge of bias and prejudice against the judge, whether the party or attorney, during an election, occupied the position of friend or foe in the political arena. Each was likely one or the other. Under such circumstances, is it possible for a judge to be entirely free from suspicion of bias and partiality?

■ We are clear to the conclusion that every judge should avoid sitting in a case where there is foundation for reasonable charge of interest, bias or prejudice. However, if there is bias or prejudice for or against a party it is in the mind and conscience of the judge and not because of the accusation. By statute, a federal judicial officer should disqualify himself if he is so connected with any party as to render it improper, in his opinion, for him to sit. 28 U.S.C. § 455.

■ In the instant case, there was only an oral motion for disqualification wherein it was charged that because of alleged personal and political relations between the judge and Shell, it would be difficult for the judge not to believe the testimony of Shell as opposed to that of Mrs. Shell. These charges were not sworn to and were not supported by proof of any kind. In part, they were not denied by the judge, but we know of no requirement that they be denied. The judge did state, in effect, that he had no friends when he sat on the bench.

Though we find no case nor statute in this state which sets out the manner in which charges of disqualification shall be brought, it appears to us that so serious a matter, both to the parties and to the judge, should be charged in writing and supported by legal proof or affidavit. It would appear to have been a simple matter for counsel to have requested an opportunity to present his motion in writing and offer evidence in support thereof. In view of the absence of either in this case, we do not consider there is sufficient matter for our review. We do not decide, therefore, if the charges were supported by proof, whether under the common law they would require a disqualification.

Assignment of Error 7 is directed at the order of sale and division of proceeds from the home owned by the parties jointly with right of survivorship.

■■ There is no question but that a trial court in a divorce case may order the sale or division of property jointly owned with right of survivorship, when the jurisdiction of the court has been invoked by both parties for the purpose. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Prosch v. Prosch, 47 Ala. App. 33, 249 So.2d 855. Both parties here requested a settlement or division of property rights by petition and cross-petition. The jurisdiction of the court was thus invoked for such purpose. The court did not err in directing sale and division.

■ Assignment of Error 8 charges error in the decree directing costs of sale, court costs and costs of certain purchases made by Mrs. Shell after December 20, 1970, and before February 21, 1971, to be paid from the proceeds of the sale.

We find no error here. It is not unusual for court costs, costs of sale and other common indebtedness to be directed paid from such a sale. This is discretionary with the court. Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511; Equity Rule 112. The purchases of clothing by Mrs. Shell, between the dates of December 20, 1970, and February 21, 1971, were clearly unreasonable and not of necessity. Such purchases were the basis for an order restraining her from further such purchases. Such order, entered on February 21, 1971 was flagrantly violated by Mrs. Shell, placing her in contempt of court.

■ It is further contended by appellant that it was error to direct the register to pay from her share of the proceeds of

the sale after deduction of the above costs the amount of purchases made by her to the account of Shell after the restraining order of February 21, 1971. There was no error here. This was also within the discretionary authority of the court.

Assignment of Error 11 charges error in the failure of the decree to grant alimony to appellant.

 Our previous ruling herein as to the sufficiency of the evidence to support the granting of a divorce to appellee is dispositive of Assignment 11. There is no right to alimony, separate maintenance or attorney's fees where a divorce has been granted to the husband. Tit. 34, § 31, Code of Alabama 1940 (Recompiled 1958); Savage v. Savage, 246 Ala. 389, 20 So.2d 784. Though allowance may be made to the wife in such cases at the discretion of the court. Tit. 36, § 33, Code of Alabama 1940 (Recompiled 1958).

 Appellant, in argument, emphasizes the size of appellee's estate and contends that alimony in a large sum was due to be given therefrom.

Though we have held that failure to grant alimony in the decree was not error, we would further call appellant's attention to the pleadings. Appellant did not bring her cross-complaint for a divorce, but for separate maintenance. It has long been the rule that an allowance for separate maintenance deals only with the income or the earning capacity of the husband, not with his estate. Caine v. Caine, 262 Ala. 454, 79 So.2d 546.

Assignment of Error 12 relates to the failure of the decree to award a suit fee to appellant.

 In response to this assignment, we must reiterate that our previous refusal to disturb the trial court's decree in granting appellee a divorce and in dismissing appellant's cross-complaint is dispositive as to the failure to grant suit fees. It is the law that allowance of attorney fees is based upon the same principle as allowance of alimony. It is controlled by the sound discretionary power of the trial court, according to the pleading and proof. Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102. Our review has disclosed no palpable abuse of such discretion.

Finding no reversible error, the decree below is affirmed.

Affirmed.

On Motion to Set and Award Attorney's Fee for Attorneys for Appellant

Motion has been made to this court for allowance to appellant of attorneys' fees for payment to her attorneys for their services in prosecuting this appeal.

Attorneys for appellant have ably and conscientiously presented written briefs and oral arguments on this appeal though unsuccessful in their efforts.

 Our study of the record has indicated that appellant is likely to have need of the assets she has because of her condition of health. We have upheld the trial court's refusal of allowance of separate maintenance and attorneys' fees as being a matter for that court's discretion. The matter of allowance of attorneys' fees for services rendered on appeal addresses itself to the discretion of this court. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737.

 In our view it is not unreasonable, under the circumstances of this case, that we grant to appellant a sum of $500 to compensate her attorneys for representing her on this appeal. We therefore decree that appellee pay the sum of $500 to appellant for use of her attorneys in payment for their services on this appeal.

Costs of the appeal are hereby taxed against appellant.