[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1266 
Assault with intent to murder; sentence: fifteen years imprisonment. This appeal arises from a gun fight which occurred in Huntsville in the early morning hours of September 24, 1975. On that occasion, the appellant shot two men, James Moss, Sr., and Steve Kirkland. Moss was killed and Kirkland was wounded. The appellant was convicted of second degree murder for killing Moss. This Court's opinion (by Harris, J.) affirming the murder conviction sets out in great detail the facts surrounding the shooting. See: Slinker v. State, Ala.Cr.App., 342 So.2d 44 (1977). We, therefore, pretermit another discussion of the evidence as presented in the instant trial of the appellant for shooting Kirkland, as the facts are the same in both cases.
 I
The appellant contends that the trial court erred in failing to require the District Attorney to produce any information in his possession pertaining to any juror whose name appeared in the venire for the trial of the case. We find no authority for such a contention. There is, however, ample authority for the proposition that, subject to a few narrow exceptions, a prosecutor's work product is not subject to discovery by a defendant. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963); Giles v. Maryland, 386 U.S. 66,87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Goldberg v. United States,425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976). "There is no general constitutional right to discovery in a criminal case. . . ."Weatherford v. Bursley (February 22, 1977) ___ U.S. ___,97 S.Ct. 837, 51 L.Ed.2d 30.
 II
The appellant argues that the attorneys for the State twice made prejudicial statements in their closing argument. The colloquy surrounding the first statement is as follows:
 "MR. LOFTIN: If I said at any time that a pistol was in Mr. Steve Kirkland's pocket, then I made a mistake, because going through the trial twice there has never been but two pistols —
 "MR. CLOUD: Now, we object to that, if the Court please as not being a correct statement and we object to that.
"THE COURT: Well, I sustain.
"MR. CLOUD: And we move for a mistrial.
"THE COURT: Denied.
"MR. CLOUD: We except."
Appellant assigned no specific ground for objection, only that such was "not a correct statement." The trial court, nevertheless, sustained the objection. Appellant then moved for a mistrial without assigning any ground at all. The trial court will not be put in error for overruling objections or motions where no specific or proper legal grounds are stated. Generally, specific objections are necessary before the ruling of the trial judge is subject to review. McClary v. State,291 Ala. 481, 282 So.2d 384 (1973). That is, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Stennett v. *Page 1267 State, Ala.Cr.App., 340 So.2d 60, reversed and remanded, Ala.,340 So.2d 65 on remandment, Ala.Cr.App., 340 So.2d 67, cert. denied, Ala., 340 So.2d 68 (1976).
We distinguish the circumstances of the instant case from those in Stennett. In that case, there was a clear reference to another crime and another indictment. In the instant case, the reference to two trials was ambiguous and its prejudicial effect was not such that mandate a mistrial. In our opinion, if any error resulted, it would fall within Rule 45, Alabama Rules of Appellate Procedure, as being harmless error. It should likewise be noted that in Stennett, supra, there was a motion for a mistrial setting out specific and detailed grounds, unlike the instant case.
 III
The second colloquy containing alleged improper remarks by the prosecutor is as follows:
 "MR. SIMPSON: That file right there is public record about this murder and this shooting and he can get it any time he wants to and to come up here and try to —
 "MR. CLOUD: If the Court please, we object to that. He has argued that is his work product and has argued it several times.
"THE COURT: Well, I overrule.
"MR. CLOUD: We except."
The appellant now contends that the State's attorney deliberately injected a reference to the prior murder trial into the case. However, a reading of the above colloquy reveals that this was not appellant's objection at trial. Specific grounds of objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned.Rogers v. State, 53 Ala. App. 573, 302 So.2d 547 (1974). We find no error on the part of the trial judge in overruling the appellant's specific objection. The appellant had been attempting to obtain materials from the District Attorney relative to his case, discussed supra, however the District Attorney had argued that such was his work product and not subject to discovery. It appears to us that appellant's instant objection is to the effect that the prosecution had refused him access to their files, but now contends that the files are public record and were open to him at any time. That is the only interpretation that we can place upon the objection due to its ambiguity and lack of specificity. The trial court ruled upon the objection as made during the course of the trial, and the appellant cannot now change the ground for his objection on appeal.
 IV
Judge S.A. Watson, Jr., who tried the present case, is the same judge who tried the appellant for the murder of Moss. The appellant apparently after his conviction for second degree murder, requested that Judge Watson recuse himself from the present case. The request was made on March 11, 1976. A hearing was held at which the appellant then requested that Judge Watson not recuse himself. Apparently during this period of time, an article appeared in a Huntsville newspaper which alleged that appellant was involved in a conspiracy to kill not only the trial judge, but also several of the State's witnesses to the gun fight. The appellant, on May 3, 1976, requested Judge Watson by letter not to recuse himself despite the publicity. Then, on May 26, 1976, the appellant requested Judge Watson again to recuse himself because of his failure to answer the appellant's letter of May 3, 1976.
The Canons of Judicial Ethics, adopted by the Alabama Supreme Court effective February 1, 1976, in pertinent part are as follows:
"CANON 3
 "A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY
* * * * * *
"C. DISQUALIFICATION.
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality *Page 1268 
might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it." (Emphasis added.)
The motion to recuse must be addressed to the judge challenged, and his decision will not be reviewed on appeal in the absence of clear evidence of bias. Ex parte White,53 Ala. App. 377, 300 So.2d 420 (1974) cert. denied 293 Ala. 778,300 So.2d 439; Ex parte Thompson, 23 Ala. App. 46, 121 So. 429
(1929).
The appellant must present evidence to prove the personal bias of a judge, or else his motion cannot prevail. Johnson v.State, Ala.Cr.App., 335 So.2d 663, at 675 (1976). The failure of a judge to answer a letter sent by a defendant is, of course, no ground whatsoever for recusal. A judge should ". . . neither initiate nor consider ex parte communications concerning a pending or impending proceeding." Canon 3, A(5), Alabama Canons of Judicial Ethics.
 V
The record on appeal contains the appellant's letter of May 3, 1976, to Judge Watson. The appellant contends for the firsttime on appeal that the court committed reversible error in submitting the letter to the jury.
The record does not reflect that the letter was ever introduced into evidence during the trial on the merits or that it was ever submitted to the jury. From aught that appears in the record, the letter was included in the record as an exhibit in the hearing on the motion to recuse, which took place prior to the trial on the merits of the case. Absent an objection to the introduction or submission of the letter and a ruling thereon by the trial court, we have nothing to review. Review on appeal is limited to matters on which rulings are invoked in the trial court. Frazier v. State, 53 Ala. App. 492,301 So.2d 256 (1974).
 VI
During the voir dire examination of the jury venire, the appellant's counsel attempted to ask the following question:
 "Do each of you understand the witnesses for the Defendant are not permitted to be called at the request of the Defendant to testify before the Grand Jury?"
On objection by the State, the court then stated:
 "If you will clarify your question Mr. Cloud, I may allow it. At this point I will sustain the objection."
Whereupon, counsel for appellant excepted, but then restated the question as follows:
 "Do each of you understand that only the witnesses called by the State of Alabama testify in the Grand Jury?"
The State's objection to that question was then overruled by the trial court, however, for reasons not apparent in the record, defense counsel excepted to that ruling which was favorable to his client.
We certainly find no prejudicial error in the ruling by the trial court in this regard. It may be that counsel for appellant mistakenly thought that the trial court had ruled in favor of the State, however, the record clearly shows the ruling to be in favor of the appellant.
On further voir dire, counsel for appellant asked the following question:
 "Do you understand and accept that several people may inform you by their testimony that a particular event occurred in this case, however, unless those individuals can persuade you by the weight of the evidence that those events occurred in the manner and method in which the prosecution has stated they occurred, then you must acquit the defendant?" *Page 1269 
The State objected on the ground that such was not a correct statement of the law, and the trial court sustained the objection.
It appears that counsel for appellant was attempting to instruct the jury on the law at this point of the trial which is clearly the prerogative of the trial judge in giving his oral charge to the jury and written requested charges. We will not put the trial court in error for sustaining such an objection. The scope of voir dire examination is within the sound discretion of the trial court. Bowens v. State,54 Ala. App. 491, 309 So.2d 844, cert. denied 293 Ala. 746,309 So.2d 850 (1974); Title 30, § 52, Code of Alabama 1940.
During voir dire examination by the prosecution, the following occurred:
 "MR. LOFTIN: All right. Have any of you ever been a witness against the State of Alabama or a witness for a Defendant, in other words, in a criminal case.
 "MR. CLOUD: If the Court please, we object to that form of the question — `witness against the State of Alabama.'
 "THE COURT: As it was rephrased I will overrule the objection."
Almost the identical question was asked and objection made in the prior trial for the murder of Moss. This Court found no error in the ruling of the trial judge in that instance, and neither do we in this instance. See: Slinker, supra.
 VII
The appellant requested the following written jury charge which the trial court refused to give:
 "The Court charges the jury that the jury may look to the fact, if it be a fact, that Steve Kirkland used abusive or insulting language to Richard Slinker at or near the time of the difficulty and such language may be taken in mitigation or justification of the offense as the jury may determine."
The above was fully, adequately, and substantially covered in the trial court's oral charge which was in pertinent part as follows:
 ". . . On the trial of any person for an assault or an assault and battery he may give in evidence any opprobrious words or abusive language used by the person assaulted or beaten at or near the time of the assault and such evidence shall be good in extenuation or justification as the jury may determine. As I said, that has only to do with assault or assault and battery. That is Title 14, Section 37, Code of Alabama 1940, Recompiled 1958."
Therefore, the trial court did not err in refusing the above requested charge. Title 7, § 273, Code of Alabama 1940.
AFFIRMED.
All the Judges concur.