Though I concur in the conclusion of the court in this case and assisted in composing some of the opinion, I must disagree with *Page 1380 
the view that Canon 3C is a "new dimension added to the subject of judge disqualification" and that our case of Wells v. Wells,supra, supports that view.
It is my view that Canon 3C is merely a restatement, or a statutory statement if you will, of the common law. Tit. 13, § 6 of the Code of Alabama (1940), (Recomp. 1958), provided statutory grounds for disqualification of a trial judge in certain cases. In addition to the statute there were common-law grounds for recusal which a judge was expected to apply to himself. The Supreme Court of Alabama in the case of Gill v.The State, 61 Ala. 169 (1878) quoted from Freeman on Judgments as follows: "[It is] well settled by the common law that no judge ought to act where, from interest or from any other cause, he is supposed to be partial to one of the suitors." This court in Shell v. Shell, 48 Ala. App. 668, 267 So.2d 461,cert. denied, 289 Ala. 751, 267 So.2d 467 (1972) said that at common law,
 "The judge was expected to exercise sound discretion by refraining from trying cases where any circumstances might tend to cast doubt or suspicion on the fairness of the court. There should be no less an expectation of a fair, unbiased and coldly impartial judiciary today . . . We are clear to the conclusion that every judge should avoid sitting in a case where there is foundation for reasonable charge of interest, bias or prejudice." Id. at 673, 267 So.2d at 465.
We wrote Shell v. Shell, supra in May of 1972, long before the adoption of Canon 3C (1). However, it appears that the canon, in effect, says the same thing as we stated the common law to be in Shell.
I do not believe the statement in the opinion taken fromWells v. Wells, supra, has the effect there given to it. That statement was made in response to an argument that the trial judge should have recused himself in a case where there was no mention of recusal until motion for new trial after entry of judgment. Under such circumstances, the judge could only have recused himself on his own. We merely pointed out that there was no evidence presented that he should have done so in compliance with Canon 3C.