The appellant, Robert Earl Lane, was indicted for violation of the Alabama Uniform Controlled Substances Act and on November 30, 1983, pleaded guilty to the charge.
A plea bargain agreement was allegedly the foundation for the plea of guilty. The agreement, according to the appellant, stipulated that the appellant would receive a three-year sentence but would be accorded probation. There seems to be a dispute as to whether the District Attorney promised to actively support the appellant's probation or simply offer no resistance to the probation.
At any rate, the trial court, Judge James C. Brotherton, pronounced the appellant guilty on the plea of guilt and suspended the sentence in order to allow the appellant the opportunity to file for probation.
However, prior to appellant's probation hearing, he was arrested and charged with trafficking in marijuana. The trial judge was aware of the new charge, due to the fact that he issued the search warrant which led to appellant's second arrest.
On February 6, 1984, the trial court denied appellant probation. Appellant then filed a motion asking the trial court's permission to withdraw his guilty plea, and a hearing was then held regarding this request on February 23, 1984. On February 24, 1984, the trial court entered an order which allowed the appellant to withdraw his guilty plea and place the original possession of marijuana charge on the trial docket.
Subsequently, on February 28, 1984, the trial judge entered another order revoking the order of three days earlier which allowed the withdrawal of the guilty plea.
Later, the appellant filed a petition for writ of habeas corpus, which was heard before another circuit judge, namely Judge James E. Wilson of Walker County. Judge Wilson denied the petition for writ of habeas corpus and this appeal followed.
Appellant's issue for our review is whether he is being "incarcerated illegally, and in violation of his Fifth and Fourteenth Amendment rights to the United States Constitution, and Article 1, Section 6, of the Alabama Constitution, based on the fact that the trial judge issued an order allowing the defendant [appellant] to withdraw his guilty plea and then rescinded the order after engaging in ex parte conversations with local law enforcement officers and the District Attorney without a hearing or prior notice to the defendant or his attorney." *Page 670 
We have carefully and meticulously studied the record, considered oral arguments and researched the briefs of both the appellant and the State in this cause and we are of the opinion that this action should be remanded to the lower court for further proceedings.
The law is lucid in regard to ex parte conversations between the trial judge and the trial counsel, the District Attorney, or any member of the public at large. Slinker v. State,344 So.2d 1264 (Ala.Crim.App. 1977), held that a judge should "neither initiate nor consider ex parte communications concerning a pending or impending proceeding." Slinker, supra, quoted Canon 3 A (4), Alabama Canons of Judicial Ethics, in its decision.
Therefore, in light of Slinker, supra, and the facts of our case at bar, we hereby remand this cause to the lower court with the directions that appropriate measures be taken to "cure" the proceedings below: that appellant be given notice of a hearing on the question whether to rescind the order allowing defendant to withdraw his guilty plea.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND